Bernadette BARNES, Appellant,

v.

Michael BARNES, Appellee.

No. 01–88–00972–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 1989.

Cynthia A. Watts, Houston, for appellant.

Peter E. Ryba, Houston, for appellee.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

## OPINION

DUNN, Justice.

This is an appeal by writ of error from an order granting appellee's motion to modify the parent-child relationship of the parties' three minor children. The appellee has not responded to the appellant's application by filing a brief in this cause. Therefore, the allegations in appellant's brief are uncontroverted. Appellant was awarded managing conservatorship of the children on October 11, 1977, in the original divorce decree. Appellee filed his motion to modify on January 4, 1988, and was made managing conservator in a default proceeding on March 1, 1988.

■ To appeal by writ of error, the appealing party must show 1) that the petition for writ of error was filed within six months after the final judgment was rendered, 2) by a party to the suit, 3) who was not a participant at trial, and 4) the error is apparent on the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); Tex.R.App.P. 45. The face of the record means "the entire record of a case in court up to the point at which reference is made to it." *First Dallas Petroleum, Inc. v. Hawkins*, 727 S.W.2d 640, 643 (Tex.App.—Dallas 1987, no writ). Error in the judgment must be apparent from the face of the record. *Stubbs*, 685 S.W.2d at 644–45.

Appellant filed her petition for writ of error on August 31, 1988, within 6 months of the order to modify. She was a party to the suit and did not participate at the hearing. Therefore, we must examine the record to determine if error is apparent.

The transcript indicates appellant was served on February 6, 1988. Her written answer was due by 10:00 a.m. on the Monday next following the expiration of 20 days after service. Tex.R.Civ.P. 99(b). Appellant's pro se answer is file stamped "8:35 a.m. February 29, 1988" by the district clerk. Appellant was required to file her answer before 10:00 a.m. on Monday, February 29.

■ The order to modify the parent-child relationship recites that appellant "did not appear and wholly made default." In a writ of error proceeding, the recitation of due notice constitutes some, but not conclusive, evidence that proper notice was given. *See Wilson v. Industrial Leasing Corp.*, 689 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1985, no writ). Thus, where other evidence in the record effectively rebuts the judgment recitation, the recitation is no longer taken to be true. *Id.*

■ The transcript in this case shows that appellant timely filed her pro se answer, and that the answer was on file at the time the trial court proceeded to hear appellee's motion to modify. It was therefore error for the trial court to proceed to trial without giving appellant notice of the trial setting. *Anderson v. Anderson*, 698 S.W.2d 397 (Tex.App.—Houston [14th Dist.] 1987, writ dism'd); *see also Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex.1989) (per curiam) (default judgment). The failure to give such a required notice constitutes a denial of a party's right of due process to be heard in a contested case. *Chow v. Dole*, 677 S.W.2d 220 (Tex.App.—Houston [1st Dist.] 1984, no writ).

We grant appellant's petition for writ of error, reverse the trial court's order to modify and remand the cause to that court.