**Kathleen H. CARSON, et al., Appellants,**

v.

**Fred Whittington HAGAMAN, Jr., et al., Appellees.**

**No. 11–91–032–CV.**

Court of Appeals of Texas, Eastland.

Jan. 23, 1992.

George M. Adams, Kemp, W.H. Hoff-mann, Jr., Hoffmann and Siebert, Eastland, J. Richard Whittington, Irving, for appellants.

John L. Oxley, Madisonville, Stanley J. Krist, Krist, Kinney & Puckett, Houston, for appellees.

## OPINION

DICKENSON, Justice.

This is a partition suit where the plaintiffs filed objections to the commissioners' report. The trial court conducted a nonjury hearing without giving the 45–day notice required by TEX.R.CIV.P. 245. After the trial court entered an order adopting the commissioners' report, plaintiffs appealed. We reverse and remand.

### Background Facts

M.H. Hagaman and his wife, Emma, owned the 5,421.13–acre ranch which is located in Eastland and Stephens Counties. All of the parties are their descendants. The plaintiffs [1] filed this lawsuit on June 27, 1986, seeking partition of the surface rights in the Hagaman Ranch and other relief. The defendants [2] and the intervenors [3] own a total undivided interest of ⅙th (16.67 percent) of the ranch.

All of the parties and their attorneys of record joined in a "partial settlement agreement" which was dictated to the court reporter on August 31, 1988, and which was the basis of an "Agreed Judgment" which was signed by the district judge on October 4, 1988. This was an interlocutory judgment which appointed three commissioners and which directed them to partition the surface of the ranch into two tracts, one of which was to contain acreage equal to 83 percent of the total value of the surface estate (for plaintiffs) and one of which was to contain acreage equal to 17 percent of the total value of the surface estate (for defendants and intervenors).

1. The plaintiffs consist of Kathleen H. Carson (undivided 1/12th interest), Patrick H. Horrigan (undivided 1/3rd interest), John L. Hagaman (undivided 1/9th interest), Betty Lou Doebbler (undivided 1/9th interest), Deirdre McGrath Markham (undivided 1/9th interest), and Priscilla J. Long (undivided 1/12th interest). John L. Hagaman is also named as executor of the Estates of Helen H. Hagaman, Deceased, and of Francis Ruth Markham, Deceased. Priscilla J. Long is also named as executrix of the Estate of C.O. Long, Jr., Deceased. John L. Hagaman and Betty Lou Doebbler are also named as Trustees for their niece, Deirdre McGrath Markham. Plaintiffs own a total undivided interest of 5/6th (83.33 percent).

2. The defendants are Fred Whittington Hagaman, Jr. (also known as F. Whitt Hagaman, Jr.) and his sister, Betty Ann Hopper. They are also named in some of the pleadings as executors of the Estate of F.W. Hagaman, Deceased. Whitt is the only owner who lives in the county, and he owns other land adjacent to the property in which plaintiffs own their undivided interest.

3. The intervenors are defendants' children. Whitt's children are Kasey Hagaman, Korey Hagaman, and Holly Hagaman. Betty's children are Nancy Freeman, Sandra LaCaze, and Janet Elliott.

Two of the commissioners filed a report on July 19, 1990. Plaintiffs filed their objections to that report on August 20. This was timely because the 30-day period which is allowed by TEX.R.CIV.P. 771 for filing objections to the commissioners' report ended on a Sunday, and the objections were filed on the next day of business. The third commissioner filed an affidavit stating that he was "excluded from their deliberations" by the other two commissioners, that Whitt Hagaman participated in the partition decisions "by discussions with the other two commissioners," and that the partition recommended by the other two commissioners "is not just or fair" because the property set aside for defendants and intervenors is far in excess of the value per acre of the property set aside for plaintiffs.

### Points of Error

All of the plaintiffs except for Kathleen H. Carson joined in one brief containing a single point of error which reads in full as shown: "The trial court erred in overruling appellants' motion for continuance dated October 9, 1990." Kathleen H. Carson filed a separate brief which contains ten points of error. The first is identical to the point of error contained in the brief filed by the other plaintiffs. The other nine points become moot in view of our ruling on the first point of error; consequently, they will not be discussed.

### Motion for Continuance

All of the plaintiffs joined in a verified motion for continuance which was filed on October 9, 1990, and which states in part:

### VI.

This Court's attention is directed to the fact that the settings requested by Defendants and Intervenors are contrary to the provisions of Texas Rule of Civil Procedure 245 and its 45 days notice provision.

### VII.

This continuance is not sought for delay only, but that justice may be done.

The provisions for partition of real estate are found in TEX.R.CIV.P. 756–771. The commissioners were appointed pursuant to Rule 761, and two of them filed their report pursuant to Rule 769. Plaintiffs then filed timely objections to the commissioners' report pursuant to Rule 771 which provides in part: "[A] trial of the issues thereon shall be had as in other cases." Plaintiffs were entitled to a trial as to whether or not the commissioners had complied with the terms of the agreed interlocutory judgment which authorized their appointment. Rule 245 was amended, effective September 1, 1990 (shortly before the nonjury hearing on October 9, 1990). This amended rule provides:

*The court may set contested cases* on written request of any party, or on the court's own motion, *with reasonable notice of not less than forty-five days to the parties of a first setting for trial.* (Emphasis added)

■ Plaintiffs were entitled to 45 days notice on this setting. The record shows that they began discovery proceedings promptly after the unfavorable report was filed by the two commissioners, and they were entitled to a reasonable opportunity to secure proof on their contentions that the two commissioners had acted improperly and that the resulting report was neither fair nor just. While it is distinguishable on its facts, the case of *Redden v. Hickey,* 308 S.W.2d 225 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.), reached a similar result by holding that appellant was entitled to a "trial" on his objections to the commissioners' report in a partition suit.

■ Defendants and Intervenors argue that plaintiffs gave up their rights of appeal when they agreed to the interlocutory judgment which was signed on October 4, 1988, and which provided that a majority decision of the three commissioners would be "in all things binding upon the owners of the surface of [the] Hagaman Ranch." The 1988 interlocutory judgment also provided that the decision of the commission-

ers "shall be made final and binding ... *by and through an Agreed Final Partition Judgment* ... from which no appeal will be taken by any party." (Emphasis added) This is a matter which can be urged at the time of trial on the merits but which is not properly before us at this time. The first point of error is sustained.

The motion to dismiss appeal is overruled. Even if appellants did not perfect an appeal in their representative capacities as executors of the various estates and as trustees, the rule is that, where the rights of the appealing parties and the nonappealing parties "are so interwoven or dependent on each other," the entire judgment should be reversed. *Plas–Tex, Inc. v. U.S. Steel Corporation*, 772 S.W.2d 442 at 446 (Tex.1989); *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160 at 166 (Tex.1982).

The judgment of the trial court is reversed, and the cause is remanded for trial.