**Emma Doris HARDIN, Appellant,**

v.

**Curtis Glinon HARDIN, Appellee.**

No. 12–94–00207–CV.

Court of Appeals of Texas, Tyler.

Nov. 28, 1995.

Robert A. Goodwin, Center, for appellant.

Sandra King, Dallas, for appellee.

HADDEN, Justice.

Appellant, Emma Doris Hardin ("Emma"), brings this appeal of a judgment of divorce dissolving her marriage to Appellee, Curtis Glinon Hardin ("Curtis"), and dividing the community estate of the parties.

In four points of error, Emma complains that the trial court erred in: (1) overruling her Motion for Continuance; (2) granting Curtis a disproportionate share of the marital community property; (3) conducting part of the voir dire of the jury panel without the presence of Emma or her attorney; and (4) rendering the judgment without giving her or her attorney prior notice. We will reverse and remand for a new trial.

The record reflects that on March 30, 1994, the trial court gave Emma's attorney notice of the first setting for trial. The trial was set for April 5, 1994. On March 31, 1994, Emma filed her Motion for Continuance alleging, *inter alia*, that the court had not given her the 45 days' notice required by Tex.R.Civ.P. 245. The trial court denied her motion and set jury selection for 6:30 p.m. on April 5, 1994. After jury selection, the court recessed the case until April 14, 1994, on which date the trial was concluded. The final decree of divorce was rendered April 19, 1994.

4. If Sims is 60 percent or more responsible, Sims may not recover damages. Tex.Civ.Prac. & Rem. Code Ann. § 33.001(b) (Vernon Supp.1995).

In her first point of error, Emma asserts that it was error for the court to deny her Motion for Continuance because of the notice requirements of Tex.R.Civ.P. 245.[1] A party is entitled to fair notice of his trial setting, and the failure to give adequate notice constitutes a lack of due process. *State v. Buentello*, 800 S.W.2d 320, 326 (Tex. App.—Corpus Christi 1990, no writ); *Williams v. Holley*, 653 S.W.2d 639, 640 (Tex.App.—Waco 1983, writ ref'd n.r.e.). The Supreme Court, in promulgating the Rules of Civil Procedure, has determined that fair notice of trial settings is 45 days. The Texas Rules of Civil Procedure reads as follows:

> The court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement, of the parties; ...

Tex.R.Civ.P. 245. An earlier version of Rule 245 required only ten days' notice of a trial setting; however, the rule was amended in 1990 to require 45 days' notice in order to harmonize it with Tex.R.Civ.P. 216 (request and fee for jury trial),[2] and to require notice of trial setting before the time for demanding a jury. *Bell Helicopter Textron, Inc.*, 863 S.W.2d at 141.

Since the trial setting notice in the instant case only gave Emma six days notice, it failed to comply with the current version of Rule 245. The language of the rule is mandatory. *Bell Helicopter Textron, Inc. v. Abbott*, 863 S.W.2d 139, 140 (Tex.App.—Texarkana 1993, writ denied); *Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex.1992); *Carson v. Hagaman*, 824 S.W.2d 267, 269 (Tex.App.—Eastland 1992, no writ); *Simpson v. Stem*, 822 S.W.2d 323, 324 (Tex. App.—Waco 1992, orig. proceeding). Therefore, the "setting" for April 5, 1994 was ineffectual, and the trial court's denial of Emma's Motion for Continuance constituted error. Point of error number one is sustained.

In view of our disposition of point one, it is not necessary for us to address the remaining points of error. The judgment of the trial court is **reversed** and this cause is **remanded** for a new trial.

---

1. No brief or any other response was filed by Curtis in this appeal.

2. Rule 216(a) requires that a written request for jury trial be filed no less than 30 days before the cause is set for trial. Tex.R.Civ.P. 216(a).