COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RAYMOND SHOWERY and
EMPRESARIO     )

INVESTMENTS, L.L.C.,                                     )           
No.  08-02-00390-CV

                                                                              )

Appellants,                         )                 Appeal from the

                                                                              )

v.                                                                           )             
205th District Court

                                                                              )

JAIME HERVELLA,                                             )         
of El Paso County, Texas

                                                                              )

Appellee.                           )                
(TC# 2002-2523)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Appellants Raymond
Showery and Empresario Investment, L.L.C. (AAppellants@) appeal a judgment entered in favor of
Appellee Jaime Hervella in his codefendant cross-claim suit to enforce a
settlement and release agreement entered by Appellants and Mr. Hervella.  In three issues, Appellants challenge the
trial court=s
judgment arguing that:  (1) they were
denied due process because they did not receive timely notice of the trial
setting; (2) the trial court erred in concluding they breached the settlement
and release agreement; and (3) the trial court erred in its findings of fact
and conclusions of law when it erroneously interpreted unambiguous language in
the parties= mediated
settlement agreement.  We reverse and
remand for a new trial.








On July 23, 1998,
Mr. Hervella, Appellants, and Family Hospital of El Paso, Inc. (AFamily Hospital@)
entered into a settlement and release agreement (AAgreement@) to settle all claims and disputes
between the parties.  As stated in the
Agreement, since 1992, Mr. Hervella, a financial consultant and planner, had
provided real estate management services and accounting services to Appellant
Mr. Showery and Family Hospital.  In
March 1996, Family Hospital and Mr. Hervella entered into an agreement whereby
Family Hospital transferred essentially all of its assets into a newly formed
Texas limited liability company, Appellant Empresario Investments, L.L.C. in
which Mr. Hervella would own a 20 percent ownership interest in consideration
for past uncompensated services rendered. 
Pursuant to the Agreement, Mr. Hervella transferred to Appellant
Empresario his ownership rights in Empresario and relinquished and waived all
management rights and powers held in Empresario as a manager.  With respect to one asset held by Empresario,
a promissory note referred to as the AHernandez
Note,@ the
parties agreed that legal title and ownership of the Hernandez Note was to
remain in Empresario, but Mr. Hervella was to control and manage the Hernandez
Note Ato
attempt to affect a settlement with HERNANDEZ and or to liquidate, sell or
foreclose the HERNANDEZ NOTE.@  The Hernandez Note was a promissory note in
default executed by Luis and Victoria Hernandez in October 1994 in the original
principal amount of $43,532.70, which was secured by a first lien against their
residence, the Paraguay property.  Mr.
Hervella was obligated to pay all costs and expenses incurred in connection
with the sale or liquidation of the Hernandez Note.  By the terms of the Agreement, Mr. Hervella
was to receive the first $25,000 of the proceeds, plus reimbursement of
expenses incurred for the collection and then fifty percent of the remaining
proceeds from the Hernandez Note.








After attempting
unsuccessfully to collect on the note through direct negotiations with Mr. and
Mrs. Hernandez, Mr. Hervella hired attorney Robert Kennedy in December 1998 to
assist in pursuing collection.  Mr. Kennedy
foreclosed on the Paraguay property securing the note, which resulted in Mr.
and Mrs. Hernandez filing suit inter alia for wrongful foreclosure
against Appellants and Mr. Hervella.  In
their suit, the Hernandezes sought to enjoin and restrain a foreclosure sale on
their residence posted under an allegedly unlawful declaration of default and
acceleration of maturity of the promissory note.  Mr. Hervella later hired attorney Gregory
Pine to replace Mr. Kennedy in collecting on the note and defending the wrongful
foreclosure claims.  On October 16, 2001,
the Hernandezes, Appellants, and Mr. Hervella entered into a Mediation  Settlement Agreement (AMSA@). 
Pursuant to the MSA, Empresario agreed to convey the Paraguay property
to the Hernandezes by general warranty deed and the Hernandezes agreed to
execute a promissory note in the original principal sum of $49,500, payable to
Empresario and secured by a first lien deed of trust bearing an annual interest
rate of 9.5 percent for a term of fifteen years.  Mr. Hervella and Mr. Showery respectively
agreed to pay one-half of the delinquent property taxes on the residence, which
amounted to $12,003.  Importantly, MSA
provided that A[d]isputes
between Showery, Hervella, and Empresario are not resolved by this agreement.@








On November 27,
2001, Mr. Hervella filed codefendant cross-claims against Appellants in the
Hernandezes= lawsuit,
in which he alleged Appellants breached the July 1998 Agreement by refusing to
pay him the amounts due to him under that Agreement from the payments received
under the new promissory note.  Mr.
Hervella also sought a declaration that the Agreement was binding and
enforceable and he was entitled to an interest in the proceeds of the Hernandez
Note and/or the new promissory note in the amount outlined in the
Agreement.  On February 5, 2002, the
trial court entered an order for referral of Appellants and Mr. Hervella to
mediation.  On the same date, the trial
court set the matter for a non-jury bench trial scheduled for March 7, 2002.  Mediation proceedings were conducted on
February 27, 2002, but the parties did not reach a settlement.  On March 4, 2002, Appellants filed a motion
for continuance of the March 7, 2002 trial setting because they had not been
able to retain counsel and Athe
status of this whole matter is uncertain in that the original case is still
pending . . . .@  The trial court set a hearing on the motion
for continuance for March 7, 2002.  The
motion was subsequently denied.  After a
bench trial, the trial court entered a judgment in favor of Mr. Hervella.  Specifically, the trial court found that
Appellants breached the Agreement and that Mr. Hervella was entitled to
proceeds from the new promissory note, which replaced the prior Hernandez Note,
under the terms of the July 1998 Agreement. 
Appellants now appeal the trial court=s
judgment.

In Issue One,
Appellants argue they were denied due process because they did not receive
timely notice of the trial setting pursuant to Texas Rule of Civil Procedure
245.  Specifically, Appellants assert
that the order setting the bench trial on the cross-claim suit is dated
February 5, 2002, setting the trial for March 7, 2002, giving them only
thirty-days notice.  Appellants fail to
mention in their appellate brief that on March 4, 2002, Appellants filed a
motion for continuance of the March 7, 2002 trial setting, and the trial court
set a hearing on that motion for March 7, 2002 prior to trial.

At trial, the
following exchange occurred between Appellant Mr. Showery and the trial court:

Showery:          Your, Honor, I hate to interrupt but
because I don=t know
the legal procedure but I understand that there has to be a 30-day notice given
for a trial and I haven=t
received that and so I need to--in other words, I was notified on the 11th of
February and this is the 7th.








The
Court:        Well, I guess, Mr. Showery,
the one thing that surprises me is that that wasn=t
included on any of your motions.  You are
going ahead-

 

Showery:          Yes, it is; not in the motions but in
my presentations to you I mentioned those dates.

 

The
Court:        Well, you have mentioned the
dates but you didn=t
indicate anything other than those were the dates that you were given the
notice.  I am going to go ahead and
continue with the bench trial.

We will go ahead and
proceed.  Mr. Showery your objection will
be noted for the record.

 

It is apparent from the record that
the trial court, in part, was considering and ruling upon Appellants= pending motion for continuance.  We review a denial of a motion for
continuance under an abuse of discretion standard.  Gen. Motors Corp. v. Gayle, 951 S.W.2d
469, 476 (Tex. 1997); Walton v. Canon, Short & Gaston, 23 S.W.3d
143, 150 (Tex.App.--El Paso 2000, no pet.). 
We will not reverse unless the record shows a clear abuse of discretion,
that is, the trial court acted without reference to any guiding rules and
principles.  Walton, 23 S.W.3d at
150.

Rule 245 of the
Texas Rules of Civil Procedure provides in pertinent part:

The Court may set
contested cases on written request of any party, or on the court=s own motion, with reasonable notice of
not less than forty-five days to the parties of a first setting for trial, or
by agreement of the parties . . . .

 

Tex.R.Civ.P.
245.

 








In their motion
for a continuance, Appellants did not object to the trial setting on grounds
that they received insufficient notice under Rule 245.  Rather, they sought a continuance because
they had not been able to retain counsel and Athe
status of this whole matter is uncertain in that the original case is still
pending . . . .@  Therefore, the trial court did not abuse its
discretion in denying the written motion for continuance because Appellants
failed to assert their specific objection to insufficient notice.  However, on the day of trial, Appellants did
raise an objection asserting inadequate notice under the procedural rules for
trial setting and the trial court noted his objection for the record before
proceeding with the trial.  From the date
of the order first setting a trial on the cross-claim suit and the date of that
trial setting, the record affirmatively demonstrates that Appellants received
less than the forty-five days mandated by Rule 245.  See Blanco v. Bolanos, 20
S.W.3d 809, 811 (Tex.App.--El Paso 2000, no pet.)(if record affirmatively
demonstrates less than 45-days=
notice, presumption of proper notice is no longer taken as true).  Thus, the trial court erred in failing to
comply with Rule 245 based on Appellants=
objection at trial.  On appeal,
Appellants urge that this trial error requires reversal and remand for a new
trial.  We agree.








Several Texas
courts, including this Court, have considered proper notice under Rule 245 to
be a mandatory requirement and have found that a trial court=s failure to comply with the rules of
notice in a contested case deprives a party of the constitutional right to be
present at the hearing, to voice his objections in an appropriate manner, and
results in a violation of fundamental due process.  See Blanco, 20 S.W.3d at 811; Platt
v. Platt, 991 S.W.2d 481, 483 (Tex.App.--Tyler 1999, no pet.); Delgado
v. Hernandez, 951 S.W.2d 97, 99 (Tex.App.--Corpus Christi 1997, no writ); Hardin
v. Hardin, 932 S.W.2d 566, 567 (Tex.App.--Tyler 1995, no writ); Trevino
v. Gonzalez, 749 S.W.2d 221, 223 (Tex.App.--San Antonio 1988, writ
denied)(failure to give required notice constitutes lack of due process and is
grounds for reversal); But see In re Marriage of Parker, 20 S.W.3d 812,
818 (Tex.App.--Texarkana 2000, no pet.)(Rule 245 provides a notice requirement
that goes beyond due process requirements); In re J.B., 93 S.W.3d 609,
614-15 (Tex.App.--Waco 2002, pet. denied)(conducting harm analysis before
reversing for Rule 245 violation).  A
party is entitled to fair notice of his trial setting, and the failure to give
adequate notice constitutes a lack of due process.  Hardin, 932 S.W.2d at 567.  Because Appellants received less than the
forty-five days mandated by Rule 245, we sustain Issue One.  Given our disposition of Appellants= first issue, it is not necessary to
address their remaining issues.

We reverse the
judgment and remand the case to the trial court for a new trial. 

 

 

December 18, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.