NO. 07-03-0078-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 4, 2004

_____

IN THE MATTER OF THE MARRIAGE OF ARACELIA RODRIQUEZ
AND DAVID GONZALES MARTINEZ AND IN THE INTEREST OF AARON
MICHAEL MARTINEZ AND ALEXANDRA ANNE MARTINEZ, CHILDREN

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 15,834; HON. FELIX KLEIN, PRESIDING

_____

*Opinion*

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

David Gonzales Martinez, who is incarcerated in prison, appeals from a divorce decree. Through the decree, the trial court appointed Martinez' common law wife, Aracelia Rodriquez, sole managing conservator and changed the last names of their two minor children. Several issues are before us. Yet, we address only the first since it is dispositive of the appeal. Through it, Martinez argues that the trial court erred in denying his motion for new trial since he was denied notice of the trial setting as required by due process and Texas Rule of Civil Procedure 245. We reverse the judgment of the trial court.

### *Issue One -- New Trial Due to Lack of Notice*

As previously mentioned, Martinez asserts that he should have been granted a new trial because the trial court did not afford him appropriate notice of the hearing. We sustain the issue.

The first time a contested case is set for trial, the litigants must be afforded at least 45 days prior notice of the date, unless the parties agree otherwise. TEX. R. CIV. P. 245. But, because it is presumed that a trial court hears a case only after appropriate notice has been given, the obligation lies with the complainant to affirmatively illustrate the lack of notice or compliance with Rule 245. *Campsey v. Campsey,* 111 S.W.3d 767, 771-72 (Tex. App.–Fort Worth 2003, no pet.); *Blanco v. Bolanos,* 20 S.W.3d 809, 811 (Tex. App.–El Paso 2000, no pet.).

Here, the reporter's record establishes that the trial occurred on October 28, 2002. Furthermore, the trial court signed the notice setting the trial for that date on September 19, 2002. Given this, Martinez was afforded only 39 days prior notice of the hearing, as opposed to the 45 days mandated by Rule 245. Furthermore, no one contends that the October 28th setting was anything other than the first for this proceeding or that the parties agreed to that date. Nor does the appellate record depict otherwise.

Additionally, Martinez had filed an answer and counterclaim to his wife's petition (on August 27, 2002) and not only sought joint conservatorship of the children but also asked that the children's names be left unchanged. Thus, it can be said that the proceeding was contested.

So too did he aver in an unsworn declaration attached to his motion for new trial that he 1) was not provided with notice of the hearing before October 28th and 2) first became aware of the trial date only after receiving a copy of the final judgment from opposing counsel. Denying receipt of notice rebuts the presumption that due notice was afforded the litigant. *Smith v. Holmes*, 53 S.W.3d 815, 818 (Tex. App.–Austin 2001, no pet.). And, when coupled with the 39-day period between the day the trial court set the cause for trial and the day trial occurred, we cannot but hold that the trial court abused its discretion in denying the motion for new trial. *Smith v. Levine,* 911 S.W.2d 427, 433 (Tex. App.–San Antonio 1995, writ denied) (holding that the decision to grant or deny a motion for new trial lies within the discretion of the trial court).

Accordingly, the divorce decree is reversed, and the cause is remanded for further proceedings.


Per Curiam