NO. 07-08-0292-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 29, 2009

_____

IN THE MATTER OF THE MARRIAGE OF

CYNTHIA RUDNICK HUGHES AND RODNEY FANE HUGHES

_____

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY;

NO. 2007-11146-16; HONORABLE CARMEN RIVERA-WORLEY, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Cynthia Rudnick Hughes appeals from a final order dismissing her petition for divorce with prejudice. She asserts the trial court erred by (1) converting a temporary orders hearing to a dispositive final hearing or trial without notice, (2) issuing a final order of dismissal of her petition without conducting a full trial on the merits, and (3) finding she

failed to establish a *prima facie* case of marriage as a prerequisite to obtaining temporary orders.  We reverse and remand for further proceedings consistent with this opinion.

**Background**

On December 21, 2007, Cynthia filed her original petition for divorce.  She alleged a common law marriage existed between her and Rodney.  She also requested the trial court conduct a hearing to issue temporary orders concerning property use, temporary support, attorney's fees, and discovery.  Cynthia also alleged she lacked sufficient financial resources for her support, attorney's fees, and expenses.  The same day, the trial court noticed a hearing on Cynthia's request for temporary orders for February 4, 2008.

On January 29, 2008, Rodney filed his response to Cynthia's request for temporary orders and moved to bifurcate the proceedings to require Cynthia to show cause as to the date of their marriage.  Specifically, Rodney requested that she be required to establish the existence of a common law marriage by *prima facie* evidence.[1]  He also asked that the trial court "require the Petitioner to show just cause as to the alleged date of marriage, or abate

---

[1]Rodney's assertion was consistent with Cynthia's burden of proof in a temporary orders hearing.  In a temporary orders proceeding, where the marriage is denied by one party, the marriage must be "at least tentatively established" and the burden is upon the party seeking support to establish at least a prima facie case of marriage. *Ex parte Threet*, 160 Tex. 482, 333 S.W.2d 361, 363-364 (Tex. 1960)*.*

her case accordingly." Rodney cited no procedural rule or legal support for this requested relief.[2]

Prior to the hearing, Cynthia filed a trial brief in support of her request. She asserted that, although bifurcation may be done at a trial on the merits, Rodney cited no legal support for such a request in proceedings seeking temporary orders. Rodney filed a trial brief asking the trial court to consider bifurcation "in determining whether or not Petitioner has met her burden of meeting a prima facie case of common law marriage necessary to justify temporary support in connection with this cause." In his prayer for relief, however, Rodney requested "that this Court deny Ms. Rudnick's request for temporary support and dismiss this case entirely for want of evidence."

At the temporary hearing originally scheduled for February 4th, Cynthia went forward with her evidence. After eighteen minutes of testimony, the trial court informed the parties that time had run out and asked that Cynthia see the court coordinator to schedule another date to continue the hearing. The trial court subsequently docketed a continuation of the temporary hearing on February 6.

The trial court began the continuation hearing by calling the docket number and announcing that an hour had been set aside to "continu[e] our hearing from the 4th." The

---

[2]While a suit for dissolution of a marriage is pending, after notice and hearing, the trial court may render appropriate orders, including a temporary injunction for the preservation of property or the protection of the parties as deemed necessary and equitable. *See* Tex. Fam. Code Ann. § 6.502 (Vernon 2006).

trial court heard testimony from Cynthia and Rodney. At the conclusion of the testimony, Cynthia argued that she had met the burden of establishing their common law marriage by *prima facie* evidence entitling her to temporary orders related to support. In response, Rodney submitted a proposed order to dismiss Cynthia's petition with prejudice. Cynthia objected that the order was improper because the hearing was limited to the sole purpose of determining whether she would obtain temporary orders, not whether she could establish the marriage relationship in a final trial upon the merits. She asserted that, if she failed to establish a *prima facie* case of marriage at the temporary hearing, she still had the right to attempt to establish a marriage at a hearing on the merits. Accordingly, she argued that the trial court could not issue an order dismissing her petition with prejudice.

Without comment, the trial court took the matter under advisement and, on April 8, *sua sponte* ordered Cynthia's petition dismissed with prejudice. Subsequently, on April 25, Cynthia filed a motion for a new trial. At the hearing on her motion, Cynthia argued that the record indicated "there was no Motion for Summary Judgment on file, there was no Motion to Dismiss on file, and there was no notice of a trial in this case." She also argued that discovery was necessary prior to proceeding to a trial on the merits and re-urged there was no final hearing because there was "no notice of trial setting."

On April 17, Cynthia requested the trial court issue findings of fact and conclusions of law. On May 22, 2008, the trial court issued its findings and conclusions. The trial court indicated that a *trial* was held February 4 and 6. Although the trial court found that Cynthia

4

and Rodney did cohabitate together, the trial court held that Cynthia failed to establish a common law marriage as a matter of law.

On June 16, the trial court denied Cynthia's motion for a new trial. Thereafter, this appeal was filed.

**Discussion**

Cynthia asserts the trial court violated her right to due process by converting the hearing seeking temporary support into a dispositive proceeding, or bench trial, without any notice pursuant to Rule 245 of the Texas Rules of Civil Procedure.[3] She also contends the trial court improperly issued a final order of dismissal of her divorce action without conducting a trial on the merits. Finally, Cynthia contends she established the existence of a common law marriage by *prima facie* evidence entitling her to temporary orders.

### I.      Standard of Review

We review a trial court's denial of a motion for new trial for abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). To establish an abuse of discretion, the

---

[3]This Rule states, in pertinent part, as follows:

> The court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties. . . .

Tex. R. Civ. P. 245. For convenience, further references to this Rule throughout this opinion will simply be as "Rule 245."

complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985); *Friona Indep. Sch. Dist. v. King*, 15 S.W.3d 653, 657 (Tex.App.–Amarillo 2000, no. pet.).

## II.    Rule 245 – Due Process

A number of Texas appellate courts, including this Court as well as the Second Court of Appeals,[4] consider proper notice under Rule 245 to be mandatory and have held that a trial court's failure to comply with the rules of notice in a contested case violates a party's fundamental due process rights. *Double Ace, Inc. v. Pope*, 190 S.W.3d 18, 25 (Tex.App.–Amarillo 2005, no pet.); *In re Marriage of Rodriquez*, 149 S.W.3d 858, 860 (Tex.App.–Amarillo 2004, no pet.); *Campsey v. Campsey,* 111 S.W.3d 767 (Tex.App.–Fort Worth 2003, no pet.); *In re Estate of Crenshaw*, 982 S.W.2d 568, 570 (Tex.App.–Amarillo 1998, no pet.).[5]  *See LBL Oil Co. v. International Power Services, Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988).  Thus, a trial court

---

[4]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* Tex. Gov't Code Ann. § 73.001 (Vernon 2005).  We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* Tex. R. App. P. 41.3.

[5]*Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex.App.–El Paso 2000, no pet.); *Platt v. Platt*, 991 S.W.2d 481, 483 (Tex.App.–Tyler 1999, no pet.); *Delgado v. Hernandez*, 951 S.W.2d 97, 99 (Tex.App.–Corpus Christi 1997, no writ); *Hardin v. Hardin*, 932 S.W.2d 566, 567 (Tex.App.–Tyler 1995, no writ); *Treveno v. Gonzalez*, 749 S.W.2d 221, 223 (Tex.App.–San Antonio 1988, writ denied).

commits reversible error if it proceeds to trial in a contested trial on the merits without giving the parties at least forty-five days notice under Rule 245. *Barnes v. Barnes*, 775 S.W.2d 430, 431 (Tex.App.–Houston [1st Dist.] 1989, no writ).

Because it is generally presumed that a trial court hears a case only after appropriate notice has been given, "the obligation lies with the complainant to affirmatively illustrate the lack of notice or non-compliance with Rule 245." *In re Marriage of Rodriquez*, 149 S.W.3d at 860. However, if the record affirmatively demonstrates less than forty-five days notice, the presumption of proper notice will no longer be taken as true. *Id.*; *Blanco*, 20 S.W.3d at 811.

Here, the record reflects the trial court heard Cynthia's motion for temporary orders and *sua sponte* entered a final order dismissing her divorce action with no prior notice that the hearing was dispositive until the order issued. A ruling in a temporary orders proceeding is "not determinative of whether there was or was not a common law marriage." *Threet,* 333 S.W.2d at 365. Rather, "[t]hat question [is] determined when the action is tried on its merits." *Id.* The record reflects that the trial court did not issue any notice that a final hearing on the merits of Cynthia's claim of marriage would be heard, much less 45 days notice. The trial court's final order also measured Cynthia's proof by an incorrect standard. Rather than requiring Cynthia meet a *prima facie* burden; *supra*, p. 2 n. 1, the trial court

7

required proof as a matter of law.[6]  Accordingly, we find the trial court's order dismissing Cynthia's action with prejudice was issued in violation of the notice requirements of Rule 245.[7]

Rodney asserts that two sentences in his pleadings and his proposed order of dismissal submitted at the end of the hearing constituted notice that the hearing would be a dispositive one.  Rodney's assertions represent a fundamental misunderstanding of Rule 245.  Rule 245 does not permit a party to unilaterally set a hearing as dispositive.  *Only* the trial court can set a case for trial and there must be no less than forty-five days notice.  Tex. R. Civ. P. 245.[8]  Here, we have neither a written request from either party, an agreement, nor forty-five day notice.

---

[6]Finding that *prima facie* proof of marriage at a temporary orders hearing is sufficient, the *Threet* court rejected the argument that, before temporary support may be awarded, the marriage must be proven by a preponderance of evidence or conclusive evidence.  333 S.W.2d at 364.

[7]*See Lindgren v. Lindgren,* No. 05-02-02001-CV, 2003 WL 21078321, *1 (Tex.App.–Dallas 2003, no pet.) (not designated for publication) (reversal required where trial court, although hearing a motion for temporary orders, entered a final order in the absence of Rule 245 notice).

[8]The absence or presence of a request for a jury trial is of no moment.  Rule 216(a) states "[n]o jury trial shall be had in any civil court, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, *but not less than thirty days in advance.*"  Tex. R. Civ. P. 216(a). The existence of a marriage is a question of fact to be resolved by a factfinder; *Joplin v. Borusheski*, 244 S.W.3d 607, 611 (Tex.App.–Dallas 2008, no pet.), and the period of time within which Cynthia could request a jury trial had not expired.

Rodney's remaining assertions, *i.e,* the issue of marriage was tried by consent, and Cynthia neither sought a continuance nor additional time to prepare for the hearing, assume the trial court set and noticed the temporary orders hearing as a dispositive one with sufficient notice under Rule 245. As such, Rodney's contentions "beg the question." Moreover, there is no evidence that Cynthia agreed to convert the temporary orders hearing to a dispositive hearing on the issue of the existence of a marriage. Her pleadings and argument at the two hearings were entirely consistent with the relief she sought, *i.e.,* temporary orders.

We find the trial court abused its discretion in denying Cynthia's motion for a new trial. Cynthia's first issue is sustained and her remaining issues are pretermitted. See Tex. R. App. P. 47.1.

## Conclusion

Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.


Patrick A. Pirtle
Justice


9