TERRY SMITH V. THE STATE OF TEXAS






NO. 07-09-0003-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B
 
JUNE 29, 2009
 
______________________________
 
TERRY SMITH, APPELLANT
 
V.
 
THE STATE OF TEXAS, APPELLEE
_________________________________
 
FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;
 
NO. 11,085; HONORABLE DAN MIKE BIRD, JUDGE
_______________________________
 
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON MOTION TO DISMISS
          Appellant, Terry Smith, filed Notice of Appeal to appeal a judgment of conviction for
the offense of theft of property valued at $200,000 or more and resulting 10 year sentence
entered against him in the 46th District Court of Wilbarger County, Texas. However,
appellant has now filed a motion to dismiss the appeal.
          Because the motion meets the requirements of Texas Rule of Appellate Procedure
42.2(a) and this Court has not delivered its decision prior to receiving it, the motion is
hereby granted and the appeal is dismissed. Having dismissed the appeal at appellant’s
request, no motion for rehearing will be entertained and our mandate will issue.
 
 
                                                                Mackey K. Hancock

                                                                           Justice

 
 
 
Do not publish. 



pan>

______________________________


IN THE MATTER OF THE MARRIAGE OF

CYNTHIA RUDNICK HUGHES AND RODNEY FANE HUGHES

_________________________________

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY;

NO. 2007-11146-16; HONORABLE CARMEN RIVERA-WORLEY, JUDGE

_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ. 


MEMORANDUM OPINION


          Cynthia Rudnick Hughes appeals from a final order dismissing her petition for
divorce with prejudice. She asserts the trial court erred by (1) converting a temporary
orders hearing to a dispositive final hearing or trial without notice, (2) issuing a final order
of dismissal of her petition without conducting a full trial on the merits, and (3) finding she
failed to establish a prima facie case of marriage as a prerequisite to obtaining temporary
orders. We reverse and remand for further proceedings consistent with this opinion.
Background
          On December 21, 2007, Cynthia filed her original petition for divorce. She alleged
a common law marriage existed between her and Rodney. She also requested the trial
court conduct a hearing to issue temporary orders concerning property use, temporary
support, attorney’s fees, and discovery. Cynthia also alleged she lacked sufficient financial
resources for her support, attorney’s fees, and expenses. The same day, the trial court
noticed a hearing on Cynthia’s request for temporary orders for February 4, 2008. 
          On January 29, 2008, Rodney filed his response to Cynthia’s request for temporary
orders and moved to bifurcate the proceedings to require Cynthia to show cause as to the
date of their marriage. Specifically, Rodney requested that she be required to establish the
existence of a common law marriage by prima facie evidence.


 He also asked that the trial
court “require the Petitioner to show just cause as to the alleged date of marriage, or abate
her case accordingly.” Rodney cited no procedural rule or legal support for this requested
relief.


 
          Prior to the hearing, Cynthia filed a trial brief in support of her request. She asserted
that, although bifurcation may be done at a trial on the merits, Rodney cited no legal
support for such a request in proceedings seeking temporary orders. Rodney filed a trial
brief asking the trial court to consider bifurcation “in determining whether or not Petitioner
has met her burden of meeting a prima facie case of common law marriage necessary to
justify temporary support in connection with this cause.” In his prayer for relief, however,
Rodney requested “that this Court deny Ms. Rudnick’s request for temporary support and
dismiss this case entirely for want of evidence.” 
          At the temporary hearing originally scheduled for February 4th, Cynthia went forward
with her evidence. After eighteen minutes of testimony, the trial court informed the parties
that time had run out and asked that Cynthia see the court coordinator to schedule another
date to continue the hearing. The trial court subsequently docketed a continuation of the
temporary hearing on February 6. 
          The trial court began the continuation hearing by calling the docket number and
announcing that an hour had been set aside to “continu[e] our hearing from the 4th.” The
trial court heard testimony from Cynthia and Rodney. At the conclusion of the testimony,
Cynthia argued that she had met the burden of establishing their common law marriage
by prima facie evidence entitling her to temporary orders related to support. In response,
Rodney submitted a proposed order to dismiss Cynthia’s petition with prejudice. Cynthia
objected that the order was improper because the hearing was limited to the sole purpose
of determining whether she would obtain temporary orders, not whether she could
establish the marriage relationship in a final trial upon the merits. She asserted that, if she
failed to establish a prima facie case of marriage at the temporary hearing, she still had the
right to attempt to establish a marriage at a hearing on the merits. Accordingly, she argued
that the trial court could not issue an order dismissing her petition with prejudice.
          Without comment, the trial court took the matter under advisement and, on April 8,
sua sponte ordered Cynthia’s petition dismissed with prejudice. Subsequently, on April 25,
Cynthia filed a motion for a new trial. At the hearing on her motion, Cynthia argued that
the record indicated “there was no Motion for Summary Judgment on file, there was no
Motion to Dismiss on file, and there was no notice of a trial in this case.” She also argued
that discovery was necessary prior to proceeding to a trial on the merits and re-urged there
was no final hearing because there was “no notice of trial setting.” 
          On April 17, Cynthia requested the trial court issue findings of fact and conclusions
of law. On May 22, 2008, the trial court issued its findings and conclusions. The trial court
indicated that a trial was held February 4 and 6. Although the trial court found that Cynthia
and Rodney did cohabitate together, the trial court held that Cynthia failed to establish a
common law marriage as a matter of law. 
          On June 16, the trial court denied Cynthia’s motion for a new trial. Thereafter, this
appeal was filed.
Discussion
          Cynthia asserts the trial court violated her right to due process by converting the 
hearing seeking temporary support into a dispositive proceeding, or bench trial, without any
notice pursuant to Rule 245 of the Texas Rules of Civil Procedure.


 She also contends the
trial court improperly issued a final order of dismissal of her divorce action without
conducting a trial on the merits. Finally, Cynthia contends she established the existence
of a common law marriage by prima facie evidence entitling her to temporary orders.
          I.        Standard of Review
          We review a trial court’s denial of a motion for new trial for abuse of discretion. In
re R.R., 209 S.W.3d 112, 114 (Tex. 2006). To establish an abuse of discretion, the
complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or
without reference to guiding rules and principles. See Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); Friona Indep. Sch. Dist. v. King, 15 S.W.3d 653,
657 (Tex.App.–Amarillo 2000, no. pet.).
          II.       Rule 245 – Due Process
          A number of Texas appellate courts, including this Court as well as the Second
Court of Appeals,


 consider proper notice under Rule 245 to be mandatory and have held
that a trial court’s failure to comply with the rules of notice in a contested case violates a
party’s fundamental due process rights. Double Ace, Inc. v. Pope, 190 S.W.3d 18, 25
(Tex.App.–Amarillo 2005, no pet.); In re Marriage of Rodriquez, 149 S.W.3d 858, 860
(Tex.App.–Amarillo 2004, no pet.); Campsey v. Campsey, 111 S.W.3d 767 (Tex.App.–Fort
Worth 2003, no pet.); In re Estate of Crenshaw, 982 S.W.2d 568, 570 (Tex.App.–Amarillo
1998, no pet.).


 See LBL Oil Co. v. International Power Services, Inc., 777 S.W.2d 390,
390-91 (Tex. 1989); Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988). Thus, a trial court
commits reversible error if it proceeds to trial in a contested trial on the merits without
giving the parties at least forty-five days notice under Rule 245. Barnes v. Barnes, 775
S.W.2d 430, 431 (Tex.App.–Houston [1st Dist.] 1989, no writ). 
          Because it is generally presumed that a trial court hears a case only after
appropriate notice has been given, “the obligation lies with the complainant to affirmatively
illustrate the lack of notice or non-compliance with Rule 245.” In re Marriage of Rodriquez,
149 S.W.3d at 860. However, if the record affirmatively demonstrates less than forty-five
days notice, the presumption of proper notice will no longer be taken as true. Id.; Blanco,
20 S.W.3d at 811. 
          Here, the record reflects the trial court heard Cynthia’s motion for temporary orders
and sua sponte entered a final order dismissing her divorce action with no prior notice that
the hearing was dispositive until the order issued. A ruling in a temporary orders
proceeding is “not determinative of whether there was or was not a common law marriage.” 
Threet, 333 S.W.2d at 365. Rather, “[t]hat question [is] determined when the action is tried
on its merits.” Id. The record reflects that the trial court did not issue any notice that a final
hearing on the merits of Cynthia’s claim of marriage would be heard, much less 45 days
notice. The trial court’s final order also measured Cynthia’s proof by an incorrect standard. 
Rather than requiring Cynthia meet a prima facie burden; supra, p. 2 n. 1, the trial court
required proof as a matter of law.


 Accordingly, we find the trial court’s order dismissing
Cynthia’s action with prejudice was issued in violation of the notice requirements of Rule
245.



          Rodney asserts that two sentences in his pleadings and his proposed order of
dismissal submitted at the end of the hearing constituted notice that the hearing would be
a dispositive one. Rodney’s assertions represent a fundamental misunderstanding of Rule
245. Rule 245 does not permit a party to unilaterally set a hearing as dispositive. Only the
trial court can set a case for trial and there must be no less than forty-five days notice. 
Tex. R. Civ. P. 245.


 Here, we have neither a written request from either party, an
agreement, nor forty-five day notice.
          Rodney’s remaining assertions, i.e, the issue of marriage was tried by consent, and
Cynthia neither sought a continuance nor additional time to prepare for the hearing,
assume the trial court set and noticed the temporary orders hearing as a dispositive one
with sufficient notice under Rule 245. As such, Rodney’s contentions “beg the question.” 
Moreover, there is no evidence that Cynthia agreed to convert the temporary orders
hearing to a dispositive hearing on the issue of the existence of a marriage. Her pleadings
and argument at the two hearings were entirely consistent with the relief she sought, i.e.,
temporary orders. 
          We find the trial court abused its discretion in denying Cynthia’s motion for a new
trial. Cynthia’s first issue is sustained and her remaining issues are pretermitted. See Tex.
R. App. P. 47.1.
Conclusion
          Accordingly, the judgment of the trial court is reversed and this cause is remanded
for further proceedings consistent with this opinion. 
  



                                                                           Patrick A. Pirtle

                                                                                 Justice