Opinion issued June 1, 2010

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-10-00303-CV






IN RE JOHN DEWITT DUGGAN, Relator






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION (1)


By petition for writ of mandamus, relator, John Dewitt Duggan, challenges the
trial court's alleged failure to give timely notice of trial. 

On October 12, 2009, the trial court signed an order granting default judgment. 
Direct appeal is the proper means to challenge a trial court's failure to give timely
notice of trial. See Blanco v. Bolanos, 20 S.W.3d 809, 811-12 (Tex. App.--El Paso
2000, no pet.); Barnes v. Barnes, 775 S.W.2d 430, 431 (Tex. App.--Houston [1st
Dist.] 1989, no writ). Here, no appeal was filed and the period to file a direct appeal
has expired. See Tex. R. App. P. 26.1. Therefore, we lack jurisdiction to address
Duggan's mandamus. See Int'l Union v. Gen. Motors Corp., 104 S.W.3d 126, 130
(Tex. App.--Fort Worth 2003, no pet.). We dismiss the petition for writ of
mandamus for lack of jurisdiction. (2)

Per Curiam 


Panel consists of Justices Keyes, Hanks, and Higley.


1. The underlying case is Karen Anne Carsey v. John Dewitt Duggan, No. 2008-03717
in the 308th Judicial District Court of Harris County, Texas, the Hon. Georgia
Dempster, presiding.


2. A party may challenge a default judgment by a bill of review after the period to file
a direct appeal has elapsed. Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004).