NO. 07-11-0511-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 29, 2012
_____

IN THE INTEREST OF B.W.F., A CHILD
_____

FROM COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

NO. 8017-L2; HONORABLE JACK GRAHAM, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**DISSENTING OPINION**

Appellant, C.W.K., contends the trial court erred by failing to give proper legal notice of the final hearing held on December 13, 2011, thereby denying him due process of law. Because the majority finds that the December 13 trial date was a "reset" of the original trial setting, as contemplated by Rule 245 of the Texas Rules of Civil Procedure, and because the majority alternatively finds any error from failing to comply with that rule to be harmless, I respectfully dissent.

By a sole issue, Appellant challenges the termination order on the basis that he did not receive proper legal notice of the final hearing pursuant to Rule 245 of the Texas

Rules of Civil Procedure. This, he contends, denied him due process of law in violation of the Fourteenth Amendment to the United States Constitution. Agreeing with Appellant, I would reverse and render an order of dismissal.

While the majority does accurately set forth the background and procedural facts of this case, it does not mention the fact that, despite the Department's awareness of Appellant's incarceration, the Department sent notice of its *Motion to Retain* to Appellant at a residential street address. Nor does it mention the fact that the retaining order was signed without a hearing or consent of the parties, or that it did not set a new trial date despite the fact that the original trial date had already passed. Furthermore, on June 27, 2011, when the Department filed its amended petition, again despite the Department's knowledge of Appellant's incarceration, the certificate of service reflects that it was mailed to Appellant at a residential address. Likewise, on October 3, 2011, while Appellant was subject to being bench warranted from the Randall County jail, the trial court signed its fourth permanency hearing order, reflecting that Appellant "although duly and properly notified, did not appear and wholly made default." On that date the trial court restated the dismissal date of December 17, 2011, but again did not set a final trial date. Thereafter, on October 20, 2011, the trial court signed a *Notice of Trial Setting*, advising the parties that a trial on the merits was scheduled for November 29, 2011, thereby giving Appellant only forty days notice of that trial setting.[1]

Despite the Department having knowledge of Appellant's whereabouts and his opposition to termination, and despite the fact that he had been without legal

---

[1]The record does not reflect where this notice was mailed or whether Appellant actually received a copy of that notice.

2

representation since the initial filing of this termination proceeding, on November 29, 2011, Appellant was brought to court from jail for the purpose of a final hearing. When Appellant refused to sign an affidavit of voluntary relinquishment, with a "drop dead" date[2] just seventeen days away, the court appointed counsel for Appellant for the first time. At that time, the court reset the final hearing for December 13, 2011, giving Appellant's newly-appointed counsel only fourteen days notice of the setting.

## STANDARD OF REVIEW IN TERMINATION CASES

The natural right existing between parents and their children is of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly scrutinized. *In Interest of G.M.*, 596 S.W.2d 846 (Tex. 1980). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).

## NOTICE OF HEARING

A party is entitled to notice of a trial setting as a matter of due process. *In re Brilliant*, 86 S.W.3d 680, 683 (Tex.App.--El Paso 2002, no pet.). "Failure to give notice violates 'the most rudimentary demands of due process of law.'" *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) (quoting

---

[2]The trial court may not grant an additional extension that extends the suit beyond the required date for dismissal under § 263.401(b). Tex. Fam. Code Ann. § 263.401(c) (West 2008).

*Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965)).

Rule 245 of the Texas Rules of Civil Procedure provides in relevant part:

> [t]he Court may set contested cases . . . with reasonable notice of not less than forty-five days to the parties of a first setting for trial . . . provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties . . . .

When a trial court fails to comply with the rules of notice in a contested case, the unnoticed party is deprived of the constitutional right to be present at the hearing to voice objections, which results in a violation of due process. *See Armstrong*, 380 U.S. at 550. *See also In re Hughes*, No. 07-08-00292-CV, 2009 Tex. App. LEXIS 3735, at *7 (Tex.App.--Amarillo, May 29, 2009, no pet.).

Thus, a trial court commits reversible error if it proceeds to trial on the merits in a contested proceeding without giving the parties at least forty-five days notice of the first trial setting. *Barnes v. Barnes,* 775 S.W.2d 430, 431 (Tex.App.--Houston [1st Dist.] 1989, no writ). However, a case previously set for trial may be reset with "any reasonable notice." *See In re Estate of Crenshaw,* 982 S.W.2d 568, 570 (Tex.App.--Amarillo 1998, no pet.) *See also In re R.M.R.*, No. 04-09-00253-CV, 2009 Tex. App. LEXIS 9356, at *9-10 (Tex.App.--San Antonio Dec. 9, 2009, pet. denied) (holding that Rule 245 does not require forty-five days notice of a subsequent setting). A court should look to the facts of each individual case to determine what is reasonable notice for a subsequent setting and not be guided by an arbitrary time period. *O'Connell v. O'Connell*, 843 S.W.2d 212, 215 (Tex.App.--Texarkana 1992, no writ).

4

The right to receive notice of a hearing or trial setting is so fundamental that if the record shows a lack of notice, this amounts to error on the face of the record. *See Blanco v. Bolanos,* 20 S.W.3d 809, 811 (Tex.App.--El Paso 2000, no pet.); *Platt v. Platt,* 991 S.W.2d 481, 484 (Tex.App.--Tyler 1999, no pet.) (record showed that notice of final hearing was mailed to wrong address, rebutting presumption of receipt of notice; further, notice mailed seven days before trial setting "failed to comply with Rule 245" and "was ineffectual").

## ANALYSIS

Here, the record reflects three different notices of a trial setting. On June 23, 2010, via the original temporary orders, Appellant received notice of a trial setting for May 10, 2011. On October 20, 2011, Appellant presumptively received notice of trial setting for November 29, 2011. Finally, on November 29, 2011, Appellant received fourteen days notice of the subsequent trial setting of December 13, 2011. Because the October 20, 2011 notice was less than forty-five days prior to the November 29, 2011 trial setting, and because the November 29, 2011 notice was less than forty-five days prior to the December 13, 2011 trial setting, I find that neither notice satisfies the forty-five day requirement of Rule 245. Therefore, under the facts of this case, in order for the requirements of Rule 245 to be satisfied, the December 13 trial must have been a "reset" of the May 10 trial setting and the November 29 notice must have been "reasonable" notice of that setting.

## Reset Trial Date

The record before this Court reflects that the trial court originally set this matter for a final hearing on May 10, 2011. For reasons that are not reflected in the record, that date came and went. On June 20, 2011, the trial court signed an order retaining the proceeding on its docket; however, at that time there was no trial setting. One week later, on June 27, the Department filed its amended petition, again without notification of any trial setting. Based on these facts I would find that, as of this date, there simply was no trial setting.

Subsequently, on October 20, 2011, the trial court sent notice of a trial setting for November 29, 2011. Because you cannot "reset" something that was not set at that time, based on the facts of this case, I would find the October 20 notice to be the first notice of the trial setting that ultimately resulted in the contested hearing held on December 13, 2011. Accordingly, for purposes of Rule 245, I would find the October 20 notice did not "reset" a contested case which had been previously set for trial.

## Reasonable Notice

Even if it is assumed *arguendo* that the December 13 trial setting was a reset of the original May 10 trial setting, the determinative issue is whether fourteen days notice was "reasonable" in a termination case where counsel was first appointed the same day notice was given. Because I believe that it was not, I would find the trial court erred in proceeding to a final trial on the merits without complying with Rule 245.

6

Section 107.013(a) of the Texas Family Code provides for mandatory appointment of court-appointed counsel for an indigent parent who opposes termination in a suit filed by a governmental entity. Tex. Fam. Code Ann. § 107.013(a) (West Supp. 2011). This Court has held that the statute does not include the requirement that an indigent parent affirmatively request appointment of counsel when it appears that the parent is in opposition to the termination suit. *In re J.M.*, 361 S.W.3d 734, 738 (Tex.App.--Amarillo 2012, no pet.). Furthermore, there are no magic words to be "in opposition" to a suit for termination. *In re T.R.R.*, 986 S.W.2d 31, 37 (Tex.App.--Corpus Christi 1998, no pet.).

In paragraph 17.1 of the Department's original petition and in paragraph 16.1 of its amended petition, the Department plead:

> If a parent responds in opposition to this suit affecting their parent-child relationship and appears without attorney, the Department requests that the Court determine whether the parent is indigent. If the Court determines that the parent is indigent, the appointment of an attorney *ad litem* to represent the interests of the parent is required by § 107.013 . . . .

These petitions notwithstanding, the trial court never appointed counsel to represent Appellant until fourteen days prior to trial.

The Department argues that Appellant's lack of representation by appointed counsel is his own fault. The caseworker testified that she visited Appellant in the Randall County Correctional Facility and that as early as September 2011, she knew he was opposing the termination suit because he refused to sign an affidavit of voluntary relinquishment. She further testified that she informed Appellant to ask the court for counsel and she reported to her supervisor Appellant's opposition to the termination of

7

his parental rights.  Candidly, she also testified that she did not follow up on the issue. As discussed in *In re J.M.*, the Department's arguments have been rejected by this Court.

To minimize the failure to appoint counsel for Appellant at an earlier date, the Department next argues that once he requested counsel, counsel was immediately appointed.  However, due to the time constraints in the Family Code which provide for dismissal of a termination suit if a trial on the merits was not timely commenced, the trial court was unwilling to provide Appellant's counsel any additional time.[3]  I believe that providing counsel for Appellant only fourteen days to prepare for and defend a termination suit, a proceeding of constitutional magnitude with dire and permanent consequences, was simply insufficient to meet the "reasonable notice" requirement of Rule 245.  Accordingly, I find the trial court erred in proceeding to a final trial on the merits without complying with Rule 245.

That being said, to obtain a reversal Appellant must show that the trial court's error "amounted to such a denial of [his] rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case or was such that probably prevented [him] from making a proper presentation of the case to the appellate court."  *Texas Dep't of Human Services v. White*, 817 S.W.2d 62, 63 (Tex. 1991).  *See* Tex. R. App. P. 44.1(a).

---

[3]Although the trial setting was just three days before the "drop dead" date, the trial court did have another option - it could have granted Appellant's motion for continuance and allowed the case to proceed.  Even if the pending termination suit was dismissed pursuant to section 263.401(c), the Department could have filed a subsequent termination petition if new facts warranted termination.  *In re L.J.S.*, 96 S.W.3d 692 (Tex.App.--Amarillo 2003, pet. denied).

Based on the same considerations discussed above pertaining to the reasonableness of the notice of trial setting, I conclude the error in failing to provide reasonable notice of the trial setting, compounded by the failure to appoint counsel for Appellant at the earliest time possible, resulted in harm to him by denying adequate time to prepare for and properly present a defense to the termination suit. An indigent parent in a parental termination suit has the statutory right to counsel, which "embodies the right to effective counsel." *In re B.G.*, 317 S.W.3d 250, 253-54 (Tex. 2010). Without timely and effective representation to oppose the termination suit,[4] I am unable to say that the error did not cause the rendition of an improper judgment, nor can I say that the error did not prevent Appellant from properly presenting his case to this Court. Therefore, I would sustain Appellant's sole issue.

**Conclusion**

Normally, in a situation such as this the trial court's order terminating Appellant's parental rights to B.W.F. would be reversed and the cause would be remanded to the trial court for further proceedings. Here, however, the drop-dead date has passed. Therefore, in lieu of remand, I would render a judgment of dismissal. *See* Tex. Fam. Code Ann. § 263.401(c) (West Supp. 2011).

Patrick A. Pirtle
Justice

---

[4]My conclusion is not to be construed as a comment on the effectiveness of appointed counsel's representation where he had but a mere two weeks to prepare to defend a suit that had been pending for more than seventeen months.

9