**Emma Jean SPIES, Appellant,**

v.

**S. Camille MILNER, Temporary Administratrix of the Estate of Marie Burkes, Deceased, Appellee.**

No. 2–95–152–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 29, 1996.

---

**1.** Prior to *Watson, supra,* the requirements of Tex.R.App. P. 40(b)(1) had not been applied to the decision to adjudicate guilt.

R. Rex Barnett, Fort Worth, for appellant.

Biles and Bouschor, P.C., David S. Bouschor, II, Denton, for appellee.

Before CAYCE, C.J., and LIVINGSTON and DAUPHINOT, JJ.

## OPINION

LIVINGSTON, Justice.

Marie Burkes died on January 15, 1995. The court appointed appellee S. Camille Milner temporary administratrix. Appellant Emma Jean Spies appeals this order. Because we find that the probate court did not abuse its discretion in finding that Emma was disqualified to serve as the executrix of the estate, we affirm the judgment of the probate court.

Marie left a will dated March 7, 1990 that, in a November 13, 1991 codicil, named Emma, Marie's daughter, executrix of her estate. If Emma was disqualified, Marie's other daughter, LaVeta Lutomski, was named alternate executrix. Emma filed the March will and the November codicil, requesting that she be appointed executrix. Bob Burkes, Emma's brother, filed an opposition to Emma's application and requested that he be named the executor of Marie's estate. Bob was initially named executor in Marie's March will, but the November codicil revoked that appointment and named Emma. LaVeta opposed Bob's application. Marshall Burkes, Emma's other brother, filed a will contest and a plea in abatement.

The probate court held a hearing on Emma's application, Bob's opposition to Emma's application, Bob's application to be named executor, LaVeta's opposition to Bob's application, and Marshall's plea in abatement. The court specifically did not hear Marshall's will contest. After the hearing, LaVeta filed an application to be named executrix, and Marshall contested her application. The probate court then entered an order denying Bob's and Emma's applications and appointing Camille temporary administratrix of Marie's estate.

We will first address Camille's allegation in reply point one that we have no jurisdiction over this case because there is no final judgment that disposes of all issues and parties, i.e., Marshall's will contest.

To appeal a probate matter, an appellant does not have to wait until a decision, order, or decree fully and finally disposes of the entire probate proceeding. *Youngs v. Choice*, 868 S.W.2d 850, 852 (Tex.App.—Houston [14th Dist.] 1993, writ denied). To be appealable, the order only has to finally dispose of the issue or controverted question for which that particular part of the proceeding was brought. TEX. PROBATE CODE ANN. § 5(f) (Vernon Supp.1996); *Youngs*, 868 S.W.2d at 852; *Taliaferro v. Texas Commerce Bank*, 660 S.W.2d 151, 153 (Tex. App.—Fort Worth 1983, no writ) (op. on reh'g). Thus, a probate order is appealable if it "finally adjudicates a substantial right." *Vineyard v. Irvin*, 855 S.W.2d 208, 210 (Tex. App.—Corpus Christi 1993, no writ).

The nature of "administration" contemplates decisions to be made on which other

decisions will be based. There must be a practical way to review erroneous, controlling, intermediate decisions before the consequences of the error do irreparable injury.

*Christensen v. Harkins,* 740 S.W.2d 69, 74 (Tex.App.—Fort Worth 1987, no writ); *see also Youngs,* 868 S.W.2d at 852.

 The order at issue in this appeal finally adjudicates a substantial right—Emma's right to serve as executrix of Marie's estate. The order specifically states that Emma is disqualified to serve as the personal representative of Marie's estate. It is final as to Emma's rights as executrix. It is a final appealable probate order, and we have jurisdiction over this appeal.

 In her sole point of error, Emma argues that the probate court abused its discretion in holding that she was disqualified to serve as the executrix because there was no evidence to support the holding. A probate court may disqualify a person as an administrator if the court finds the person is "unsuitable." TEX. PROBATE CODE ANN. § 78(e) (Vernon Supp.1996).[1] This discretion of the court to make this finding is very broad. *Kay v. Sandler,* 704 S.W.2d 430, 433 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). To prove that the probate court abused its discretion, Emma must show that "the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). Thus, to be an abuse of discretion, the act must be arbitrary or unreasonable. *Id.* at 242. It is of no consequence that we, or any other court, would decide this issue differently so long as the matter to be decided is within the discretion of the probate court. *Id.*

 We find that the probate court did not abuse its discretion in finding that Emma was not qualified to act as executrix. The evidence showed that Emma had difficulty dealing with professionals. She was a difficult witness at the hearing and would change her answers when pressed. Emma admitted

taking money out of Marie's bank account while Marie was alive and using that money without getting permission from the guardian of Marie's estate. Finally, there was substantial evidence of discord and animosity between Emma and the other relatives involved in this probate proceeding. This evidence supports the probate court's decision; thus, it was not an abuse of discretion to find that Emma was unsuitable to serve as the personal representative of Marie's estate.

Because of our disposition of Emma's sole point of error, which addresses appellee's second reply point, and our ruling on appellee's first reply point, we do not address appellee's other two reply points.

We overrule Emma's sole point of error and affirm the judgment of the probate court.

---

1. This subsection was not effective until after the events of this case occurred. However, there have been no substantive changes from the old subsection. *See* Act of June 12, 1969, 61st Leg., R.S., ch. 641, § 7, 1969 Tex. Gen. Laws 1922, 1924 *amended by* Act of June 17, 1995, 74th Leg., R.S., ch. 1039, § 7, 1995 Tex. Gen. Laws 5145, 5148.