**In re ESTATE OF Margarete CRENSHAW, Deceased.**

**No. 07–97–0386–CV.**

Court of Appeals of Texas, Amarillo.

Nov. 10, 1998.

Ward, Freels & Cook, Gary A. Ward, Lubbock, for appellant.

Jack McClendon, Lubbock, for appellee.

Before BOYD, C.J., and DODSON and QUINN, JJ.

BOYD, Chief Justice.

This appeal arises from a contest to the appointment of the executor named in the will of Margarete B. Crenshaw and the issuance of letters testamentary. After a hearing held on seven days notice, the trial court overruled the challenge and rendered an order naming the designee in the will as independent executor. Appellant James B. Crenshaw (James) now presents two points in challenge of that order. Finding error in the challenged order, we reverse.

In 1988, Margarete B. Crenshaw (Margarete) executed a will in which her three sons, William H. Crenshaw, Jr. (William), Charles Andrew Crenshaw (Charles), and James were named as beneficiaries. The will also appointed William as independent executor. Margarete died in October 1995. On August 13, 1997, William filed an application to probate Margarete's will and for issuance of letters testamentary. In that application, William described himself as "the" surviving son of Margarete. In fact, William's brother James also survived their mother [1] and made that fact known to the court by filing an answer objecting to the appointment of William as executor and requesting a jury trial.

In response to the creation of a contested issue, the County Court transferred the case to Lubbock County County Court at Law No. 1. On September 2, 1997, that court set a hearing for September 9, 1997. At that hearing, James moved for a continuance on the ground that Rule 245 of the Rules of Civil Procedure entitled him to notice of not less than 45 days before the first trial setting. The trial court denied this motion and, by an order signed October 1, 1997, the court denied James's objections and appointed William as independent executor. It also ordered the issuance of letters of temporary administration to William. Because William's request had not been for letters of temporary administration, the trial court rendered an order *nunc pro tunc* changing the

1. This record does not show whether Charles    also survived Margarete.

last paragraph to order the issuance of letters testamentary to William. As we have noted, James now presents two points in challenge of this order.

■ Initially, even though the question has not been raised by the parties, it is our duty to determine, *sua sponte*, our jurisdiction to hear an appeal. *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex.1990); *Welch v. McDougal*, 876 S.W.2d 218 (Tex.App.—Amarillo 1994, writ denied). Unless an exception applies, a final judgment disposing of all of the issues before the trial court is a prerequisite to an appeal. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). Here, the challenged order only resolves one issue, the appointment of the executor of Margarete's estate, and is not a final judgment.

■ Even so, our jurisdiction to hear this appeal is resolved by reference to Section 5(f) of the Probate Code. Tex. Prob.Code Ann. § 5(f) (Vernon Supp.1998). That section provides that "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the court of appeals." This only requires that the challenged order finally adjudicates a substantial right. *Spies v. Milner*, 928 S.W.2d 317, 318 (Tex.App.—Fort Worth 1996, no writ). Appointment of an executor over objection has been held to satisfy that standard. *Id.* at 319; *Christensen v. Harkins*, 740 S.W.2d 69, 74 (Tex. App.—Fort Worth 1987, no writ). Thus, we do have jurisdiction to consider the appeal.

■ James's first point assigns error to the trial court's denial of his motion for continuance. As noted above, this motion was premised on the dictates of Rule of Civil Procedure 245 [2] that parties to contested cases have notice of not less than 45 days before the first trial setting. The amount of notice required for subsequent settings need only be "reasonable." Tex.R. Civ. P. 245. At the hearing, William argued the notice was sufficient that the application had previously been set in the county court. The record does not support that assertion. Indeed, the September 9, 1997 setting was less than 45 days after William's original application. Without James's request or agreement, no previous setting could have met the notice requirement of Rule 245.

■ William next argues that "a testator's power to select an independent executor is absolute." William makes this statement even though he acknowledges the existence of Probate Code Section 78 defining classes of persons disqualified from serving as executors or administrators. Logically, if Section 78 precludes specific classes from serving, then the testator's power to name the executor of her will is not absolute. William also contends that James failed to allege an objection that raises an issue of William's qualification under Section 78 and that the court's function in appointment of an executor is "essentially ministerial." We disagree.

James's answer asserts the existence of a claim of Margarete's estate against William. This type of asserted conflict of interest is analogous to the numerous cases in which courts have found executors unsuitable. *See Olguin v. Jungman*, 931 S.W.2d 607, 610 (Tex.App.—San Antonio 1996, no writ) (reviewing cases decided under Probate Code Section 78(f)). It is clear from the authority discussed in *Olguin* that James raised a genuine question as to William's qualification under the Probate Code and the court's function in appointment of an executor is not "essentially ministerial."

■ William also argues that the appointment of an executor "is not a matter for a full adversarial trial," that "the value of a trial ... in a hearing such as this, is negligible," and that James has cited no authority that he has a right to a trial. William's argument fails to give effect to the plain language of Section 10 of the Probate Code. That section provides:

> Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, to be heard upon such opposition, as in other suits.

**2.** All references to rules herein are to the Rules of Civil Procedure.

Tex. Prob.Code Ann. § 10 (Vernon 1980). As the decedent's son and a named beneficiary of her will, James is clearly a person interested in Margarete's estate. At the time he filed his written answer objecting to the appointment of William as executor, no executor had been appointed. Therefore, James met the requirements under the statute to have his opposition heard "as in other suits." The phrase "as in other suits" is without qualification. Because probate proceedings are civil in nature, we may safely interpret this language to mean as in other civil suits. Rule 2 delineates the scope of their application to include all actions of a civil nature in justice, county and district courts of Texas, subject to limited exceptions not applicable here. Finding the Rules of Civil Procedure applicable to this contested proceeding, we agree with James that the requirements of Rule 245 must be met. *See Bell Helicopter Textron, Inc. v. Abbott*, 863 S.W.2d 139, 140 (Tex.App.—Texarkana 1993, writ denied) (holding 45–day notice require of Rule 245 mandatory). The record affirmatively shows that James did not have the required 45–day notice to which he was entitled. Thus, we sustain his first point of error.

Our disposition of James's first point requires reversal of the trial court's order. This disposition obviates the necessity to address his second point. Accordingly, we reverse the order of the trial court and remand the cause to that court for further proceedings in accordance with this opinion.