NO. 07-00-0127-CV

IN THE COURT OF APPEALS FOR THE

SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 26, 2000

________________________________

IN RE THE ESTATE OF MARGARETE CRENSHAW, DECEASED 

_________________________________

FROM THE COUNTY COURT AT LAW NO. 1, LUBBOCK COUNTY;

NO. 97-781,109; HON. LARRY B. (RUSTY) LADD, PRESIDING

__________________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

James B. Crenshaw (James) appeals from a final summary judgment declaring that he “take nothing by way of this action” against William H. Crenshaw, Jr. (William).  In his sole point of error, James alleges that the trial court erred in entering the summary judgment because William failed to prove himself entitled to same as a matter of law.  We affirm.

Background

The dispute arose from James’s attempt to prevent his brother from acting as the independent executor of the estate of Margarete Crenshaw who had designated William as executor in her will.  After Margarete Crenshaw died, William attempted to secure letters testamentary designating himself as independent executor of her estate.  However, James, believing his brother to be disqualified, objected to the appointment and requested a jury trial.

Initially, the trial court rejected James’s claim without the benefit of a jury trial.  We subsequently reversed that decision in 
In re Estate of Crenshaw
, 982 S.W.2d 568 (Tex. App.–Amarillo 1998, no pet.) because James was not afforded 45 days notice of the trial setting as mandated by Texas Rule of Civil Procedure 245.  The cause was then remanded for further proceedings.  Upon remand, William moved for summary judgment contending that 1) there was “no evidence” supporting the allegation that William was disqualified and 2) the evidence he presented conclusively established his entitlement to letters testamentary and to the role of executor.  

The motion was set for submission on December 20, 1999, and, on the day of the hearing, James filed a response to it.  The record does not reflect that the trial court granted James leave to belatedly file the response.  Nevertheless, the motion was granted, and the aforementioned judgment was entered.

Standard of Review

The standard of review applicable to appeals such as that at bar is well settled and need not be reiterated.  We deem it sufficient to refer the litigants to 
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965) for an explanation of same.

Application of Standard

As previously stated, James argues that William failed to prove himself entitled to judgment as a matter of law.  This is allegedly so because a fact question existed regarding William’s ability to act as executor.  However, the particular question of fact alluded to goes unmentioned by James.  Nevertheless, a liberal reading of his brief suggests that he believes that this court held in 
In re Estate of Crenshaw
 that a question of fact existed.  We disagree and overrule the point.

In 
In re Estate of Crenshaw
, we dealt with the question of whether James was entitled to 45 days prior notice of trial.  No question regarding the propriety of a summary judgment was before us, and we simply held that the trial court violated Texas Rule of Civil Procedure 245 in not affording James such prior notice.  
In re Estate of Crenshaw
, 982 S.W.2d at 571.  And, to the extent that we stated that “[t]his type of asserted conflict of interest is analogous to the numerous cases in which courts have found executors unsuitable,” our words referred to the allegations contained in his 
answer
 (or responsive pleading) to William’s application for letters testamentary.  We did not hold that he had presented independent evidence creating a material issue of fact regarding a purported conflict of interest.  

Moreover, in remanding the cause for further proceedings, we did not limit the issues to be addressed or procedures to be followed in disposing of the case; the cause was simply remanded for further proceedings.  Thus, both the trial court and litigants were entitled to proceed anew as if trial had not been had.  
University of Texas v. Harry
, 948 S.W.2d 481, 483 (Tex. App.–El Paso 1997, no writ) (stating that remand is generally unlimited in scope and the cause is “reopened in its entirety” unless the opinion expressly states to the contrary).  Being so entitled to proceed, William was also authorized to invoke Texas Rule of Civil Procedure 166a to obtain the disposition of the cause through summary judgment.

Next, one of the grounds alleged by William for summary judgment was founded upon Rule 166a(i).  This obligated the trial court to grant the motion unless James produced summary judgment evidence raising a genuine issue of material fact.
  Tex. R. Civ. Proc. 
166a(i).  In other words, it was incumbent upon James to present competent evidence that created an issue of fact 
viz-a-viz
 each element of his claim.  This he did not do.   

First, his response was untimely.  
Tex. R. Civ. Proc. 
166a(c).  This circumstance alone prevents us from considering it and the documentation attached thereto.  
Atchley v. NCNB Texas Nat’l Bank
, 795 S.W.2d 336, 337 (Tex.App.–Beaumont 1990, writ denied).  Second, the conclusory allegations contained in the response were not probative since they were unverified and unverified contentions asserted in a response to summary judgment are not competent summary judgment proof. 
Rath v. State
, 788 S.W.2d 48, 50 (Tex.App.–Corpus Christi 1990, writ denied).  Third, the documents appended to the response not only were unauthenticated, and therefore beyond consideration, 
see 
Tex. R. Civ. Proc. 
166a(f), but also illustrated that William simply entered into various transactions with the decedent.  Nothing in the documents purported to illustrate that the transactions were invalid or obtained through illegitimate means.  Nor did the documents contain evidence suggesting that William, by acquiring assets from the decedent prior to her death, had entangled himself in a conflict of interest.  Indeed, James utterly fails to explain how these transactions purportedly gave rise to any supposed conflicts.  Therefore, the documents themselves created no fact issue regarding the existence of any conflicting interests.  

Finally, the documents appended to William’s motion constitute evidence creating issues of fact regarding his ability to act as executor.  Like those referenced by James, they too merely evinced that William had entered into transactions with the decedent, and nothing more.

Finding no evidence creating a material issue of fact, we affirm the summary judgment.

Brian Quinn

   Justice

Do not publish.