6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00117-CV


______________________________





IN RE: LEVON DENMARK








 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Ross and Carter, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Levon Denmark has filed a petition for writ of mandamus. In that petition, he asks this Court
to direct a trial court to respond to his motion for DNA testing filed pursuant to Tex. Code Crim.
Proc. Ann. arts. 64.03-.05 (Vernon Supp. 2003). Mandamus issues only when the mandamus
record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2)
the absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex.
1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).

 This Court has recently acknowledged that a trial court must consider and rule on a motion
brought to its attention within a reasonable amount of time. In re Cash, 99 S.W.3d 286, 288 (Tex.
App.-Texarkana 2003, orig. proceeding); In re Bonds, 57 S.W.3d 456, 457 (Tex. App.-San Antonio
2001, orig. proceeding). This includes rulings on motions for DNA testing and the appointment of
counsel for the purpose of pursuing DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure. Cash, 99 S.W.3d at 288; In re Dimas, 88 S.W.3d 349, 351 (Tex. App.-San Antonio
2002, orig. proceeding).

 In this petition, however, as in his previous petition, Denmark has not provided this Court
with any information identifying the trial court about which he complains or copies of any motion
filed or any correspondence with the trial court. Unlike his prior petition, this petition states he filed
a motion seeking DNA testing on December 19, 2002, and again on May 30, 2003. The date, 

standing alone and without context, is insufficient for us to determine that a trial court has abused 
its discretion. Even if we could do so, we cannot ascertain which trial court he believes has failed
to rule. 

 Denmark has again not provided the information necessary to allow this Court to rule on his
petition and thus has not shown himself entitled to relief. See Tex. R. App. P. 52.3.

 We deny the petition.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 23, 2003

Date Decided: September 24, 2003

 




 This order, entered after a hearing was conducted, did not reference either the
motion for summary judgment or declaratory judgment petition. The judgment from which the
appeal was brought does only two things: it orders the long-time administrator of the estate removed
(the widow) and replaces her with a new administrator. 

 In her brief, the removed administrator does not attack the order on its merits. The arguments
raised on appeal, which were also presented to the trial court by pleading, are all matters of
avoidance--that the individuals who sought that relief had no standing to seek such relief, or that
they had waited too long to seek it. The administrator also argued that no request for declaratory
judgment may be considered by the trial court on the basis of lack of standing, laches, and the
running of limitations.

 Appeals brought to this Court must be from final judgments or appealable orders. We do not
issue opinions globally applying the law to pending cases. We are prohibited from issuing an
advisory opinion, the distinctive feature of which is that it decides an abstract question of law
without binding the parties. Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821 (Tex. 2000). Thus,
we emphasize that our decision is based solely on the appeal before us.

II. Jurisdiction

 As in most probate matters, the first question is whether this order is appealable. Generally,
appeals may be taken only from final judgments. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001). Probate proceedings are an exception to the "one final judgment" rule; in such cases,
"multiple judgments final for purposes of appeal can be rendered on certain discrete issues." Id. at
192; De Ayala v. Mackie, 193 S.W.3d 575, 578 (Tex. 2006). 

 It is not clear that the order is a ruling on the motion for summary judgment. It states that
it was entered after the matter was heard, after proper notice had been given. The county clerk has
not included a copy of the court's docket. See Tex. R. App. P. 34.5(a)(3).

 Courts have often allowed appeals from an order removing an executor or administrator. In
re Estate of Miller, 243 S.W.3d 831 (Tex. App.--Dallas 2008, no pet.); Geeslin v. McElhenney, 788
S.W.2d 683 (Tex. App.--Austin 1990, no writ); see In re Finley, 220 S.W.3d 608 (Tex.
App.--Texarkana 2007, no pet.) (appeal from order removing guardian of estate).

 Similarly, this Court held in an unpublished 2000 opinion that an order settling rights as
executor is the end of a discrete phase of the probate proceeding and is thus final. In re Estate of
Spivey, No. 06-98-00134-CV, 2000 Tex. App. LEXIS 35 (Tex. App.--Texarkana Jan. 5, 2000, no
pet.) (not designated for publication). We stated that there were no ongoing proceedings relevant
to that specific issue, and so the order was final. See also In re Estate of Vigen, 970 S.W.2d 597, 598
(Tex. App.--Corpus Christi 1998, no pet.); Spies v. Milner, 928 S.W.2d 317, 318 (Tex. App.--Fort
Worth 1996, no writ).

 Thus, under controlling authority, the September 4, 2007, order of the trial court removing
Bobbie as administrator, directing her to prepare and file a final accounting for the fourteen years
that she administered the estate and to turn over records and assets to the new administrator, and
appointing Kenneth O. Goolsby as successor administrator, is a final and appealable order under
applicable standards of probate law. 

III. The Issue Presented

 A facially final and appealable order, under the definitions of the Texas Probate Code, was
entered by the trial court. It appears that it was not rendered based merely on the summary judgment
pleadings, but after a hearing. A hearing was conducted concerning the administrator, as shown by
two very short excerpts requested and filed by the appellee, and the existence of a hearing was
acknowledged by the administrator in her motion for new trial, in which she complains about an
"ambush" hearing.

 We have, however, been provided by the appellee with an excerpt from the hearing that
appears to dispose of this particular problem--on yet a different basis. The excerpt of the hearing
conducted by Judge Ammerman appears to clarify that he is ruling not based on the petitioners'
motion, but on his own authority sua sponte. (2) 

 THE COURT: . . . Now, regardless of whether these people are totally
unrelated to this case, I have the duty to oversee these files; and once it's brought to
my attention, I have the authority on my own motion to do certain things. I made a
ruling that Ms. Washington was a dependent administrator that means -- that kicks
in under the law her duty to file her annual accountings and if somebody had walked
in off the street and pulled out that file and pointed that out to me, I would tell them
thank you very much.


 Ms. Washington is removed as the administrator, and I'm going to appoint --
she failed to follow her duty -- I'm going to appoint Ken Goolsby -- he's a local
Certified Public Accountant -- to be the dependent administrator of this estate.


 The alleged problems with the representative's administration of the estate were obviously
brought to the court's attention by the petitioners. 

 The appellant has neither sought nor filed a reporter's record of the hearing. Appellate courts
must base their decisions on the record as made and brought forward, not on a record that should
have been made or that could have been made. Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 411
(Tex. 1998). The controlling caselaw clearly states that, when a record is incomplete (and the rules
on partial records do not apply--which they do not), we must presume that the missing portion of
the record supports the factual determinations made by the fact-finder. Bennett v. Cochran, 96
S.W.3d 227, 230 (Tex. 2002); In re Estate of Arrendell, 213 S.W.3d 496, 503 (Tex.
App.--Texarkana 2006, no pet.).

 It is unclear from the record whether the trial court granted this judgment as a summary
judgment, trial on the merits, or whether it was an order based on the court's own motion. The
appellant requests only that this Court find that petitioners had no standing to bring an action, or that
limitations prevented their intervention in the probate proceeding. Appellant does not allege that the
trial court did not have evidence to support a sua sponte order removing the administrator for failing
to file the required accounts. See Tex. Probate Code Ann. § 222(2). Upon proof of the failure to
file the required accounts, the trial court had the authority to remove the administrator regardless of
the pleading of the petitioners. Id. At the hearing, the trial court recognized such authority and
immediately announced the administrator's removal. No additional fact-findings were requested or
entered. No challenge has been made that the trial court did not have an evidentiary basis for such
removal. The decision to remove the administrator was a conclusion of law, and the judgment
should be upheld on appeal if the order may be sustained on any legal theory supported by the
evidence. Pickelner v. Adler, 229 S.W.3d 516, 524 (Tex. App.--Houston [1st Dist.] 2007, pet.
denied). The issues of standing and statute of limitations were not adjudicated or necessary in order
for the court to take this action; therefore, those issues are not relevant on this appeal. 

 We affirm the judgment of the trial court.



 Jack Carter

 Justice


Date Submitted: August 15, 2008

Date Decided: September 3, 2008

1. Several appeals have been presented to the Court. In re Estate of Washington, No. 06-96-00010-CV, 1996 Tex. App. LEXIS 4414 (Tex. App.--Texarkana Oct. 7, 1996) (not designated for
publication), op. on reh'g, 1996 Tex. App. LEXIS 5333 (Tex. App.--Texarkana Dec. 3, 1996, writ
denied); In re Estate of Washington, No. 06-08-00016-CV, 2008 Tex. App. LEXIS 2917 (Tex.
App.--Texarkana Apr. 23, 2008, no pet.) (mem. op.); In re Sylvester Gene Washington, No. 06-98-00001-CV (Tex. App.--Texarkana Jan. 7, 1998, no pet.). 
2. The court has explicit statutory authority to remove an administrator on its own motion. 
Tex. Probate Code Ann. § 222 (Vernon Supp. 2008).