# NO. 12-21-00217-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GARRY L. BEARD, LARRY E. BEARD AND STANLEY BEARD, APPELLANTS* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *JEANNE BEARD, APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Garry L. Beard, Larry E. Beard, and Stanley Beard[1] challenge the trial court's order denying Garry's application to serve as independent executor of the estate of Billie Jean Beard and finding that Garry is unsuitable to serve. In their sole issue, Appellants argue that the trial court abused its discretion by finding Garry unsuitable to serve as independent executor and denying his application. We affirm.

## BACKGROUND

Appellants and Appellee, Jeanne Beard, are the surviving children of the decedent, Billie Jean Beard, who died on September 27, 2020. Appellants filed an application for probate of will and issuance of letters testamentary, with which they provided a copy of the decedent's will. In the will, the decedent appointed her husband, Earl M. Beard,[2] as independent executor, and she named Jeanne as the first alternate and Garry as the second alternate executor. In her response to the application, Jeanne pleaded that the document Appellants provided to the trial court is a true

---

[1] For clarity, when referring to Appellants individually, we will use their first names, and we will refer to them collectively as "Appellants." We will refer to Appellee, Jeanne Beard, by her first name.

[2] For clarity, we will refer to Earl M. Beard by his first name.

and correct copy of the decedent's will, and she stated that she does not oppose admission of the will to probate. Jeanne pleaded that Earl died, and she stated that she is "qualified, ready, and willing" to accept appointment as independent executor pursuant to the will's terms.[3] Jeanne also pleaded that if she were not appointed independent executor, the court should appoint a third-party executor due to alleged concerns regarding Larry's actions while serving under a power of attorney for the decedent, including alleged breaches of fiduciary duties that "need to be pursued and investigated by an [e]xecutor without a conflict of interest."

The trial court conducted an evidentiary hearing on Appellants' application for probate of the will and the requests to be appointed independent executor. Garry and Jeanne testified that their father and the decedent founded an apparel company called Earl's Apparel. Garry testified that he does not owe the estate money, and he denied knowing of any reason that he would be disqualified from serving as executor. According to Garry, Jeanne was abusing the company credit card by using it for personal purchases, and Jeanne did not repay the company. According to Jeanne, all of the charges she made were legitimate business purchases.

Larry testified that Lone Star Heritage Group is a partnership that owns Earl's Apparel Incorporated. According to Larry, the decedent and Earl were the original partners, but Earl assigned his general partnership interest to Larry in 2014. Larry testified that Earl did so because Jeanne drew the company's line of credit up to $325,000. According to Jeanne, the assignment to Larry was intended to be temporary. Larry testified that when the decedent died, she was a limited partner and a general partner in Lone Star Heritage Group, which also owns Stanley Jeans Corporation and Earl's Cutting, so the decedent's estate has an interest in those entities. Larry explained that Jeanne took money from Lone Star Heritage Group's account for herself during her employment. Larry and the decedent designated Larry as manager of Lone Star Heritage Group in 2019, and Larry testified that on April 3, 2019, he terminated Jeanne's employment at Earl's Apparel after consulting with his brothers and the decedent. According to Larry, the company was "in real trouble" for failure to pay payroll taxes, IRS obligations, state unemployment tax, and other bills, which Jeanne was responsible for paying. Additionally, Larry testified that on April 6, 2019, Jeanne closed Earl's Apparel's bank account and withdrew $16,730.01, and Larry does not know what happened to those funds.

---

[3] The will defined "survive" as to live at least thirty days longer than the decedent. Earl M. Beard died on October 10, 2020, so he did not survive the decedent by more than thirty days.

Shortly after her termination, Jeanne filed a lawsuit against Larry, purportedly on behalf of Lone Star Heritage Group and Earl's Apparel, in which she sought to prevent Larry from being involved in the business of Earl's Apparel. Larry testified that Jeanne had no authority to bring a lawsuit on behalf of either entity. According to Larry, Jeanne later dismissed her lawsuit. Larry explained that Jeanne owns one quarter of Stanley Jeans Corporation and has an interest in Lone Star Heritage Group, and Garry has an interest in Lone Star Heritage Group and Stanley Jeans Corporation. Larry also testified that a December 2020 balance sheet from Earl's Apparel showed that Garry and Jeanne are indebted to the company.

Shelley Luna, a Certified Public Accountant, testified that she is familiar with the business of Earl's Apparel. According to Luna, while Jeanne was managing the business, the payroll taxes were over $200,000 in arrears, and the company was $44,000 behind on state payroll taxes. Luna testified that Jeanne's daughter used Jeanne's signature for checks totaling around $16,800, and Jeanne never repaid the funds. Luna stated that both Garry and Jeanne owe notes receivable to Earl's Apparel.

The trial judge signed an order denying Garry's application to be appointed executor of the decedent's estate. In the order, the trial judge found that Garry is unsuitable.[4] *See* TEX. ESTATES CODE ANN. § 304.003(5) (West 2020). The trial judge filed findings of fact and conclusions of law, in which she found, among other things, that (1) the decedent's estate includes an interest in the family businesses; (2) there was evidence of numerous disagreements and lawsuits among the decedent's children; (3) Garry owes "substantial debt to the family business entity, which is at least in part[] an asset of the estate[;]" (4) Earl's estate is also contested and the family members are in litigation regarding Earl's estate; (5) Garry is disqualified as unsuitable under Section 304.003(5) of the Texas Estates Code; (6) the debt Garry owes to the estate makes his interest adverse to the interests of the decedent's estate; and (7) the family is in discord and has engaged in "other litigation over property in the estate among themselves."[5] This appeal followed.

---

[4] The trial judge also found Jeanne unsuitable, but Appellants and Jeanne do not challenge that finding.

[5] In its order denying the application and finding both Garry and Jeanne unsuitable, the trial court stated that it would appoint an administrator if the parties could not reach a mediated settlement agreement "as to at least the appointment of a personal representative in this [e]state and to whether that person could serve as an independent or dependent administrator with the will annexed."

In her brief, Jeanne filed a motion to dismiss the appeal for want of jurisdiction. Specifically, she contends that the trial court's order denying Garry's application to serve as executor is interlocutory and therefore not appealable. According to Jeanne, this Court "does not have jurisdiction until the trial court has disposed of all issues in this phase of the probate proceeding, which includes the appointment of an [e]xecutor." Because Jeanne's motion questions this Court's jurisdiction, we address it first.

Generally, this Court has jurisdiction only over (1) final judgments and (2) interlocutory orders from which appeal is expressly authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012 (West 2015), 51.014(a) (West Supp. 2021); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. R. APP. P. 301 (providing that only one final judgment may be rendered in a cause). However, probate proceedings present "an exception to the 'one final judgment' rule[.]" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192). "[I]n such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *Id*. (quoting *Lehmann*, 39 S.W.3d at 192). "The right to serve as the executor of an estate is a 'substantial right[,]' and a denial of that right is a final and appealable order." *In re Estate of Boren*, 268 S.W.3d 841, 845 (Tex. App.—Texarkana 2008, pet. denied); *see also In re Estate of Vigen*, 970 S.W.2d 597, 598-99 (Tex. App.—Corpus Christi 1998, no pet.); *Spies v. Milner*, 928 S.W.2d 317, 319 (Tex. App.—Fort Worth 1996, no writ). To be appealable, an order need only dispose of the issue or controverted question for which that particular part of the probate proceeding was brought. *Estate of Boren*, 268 S.W.3d at 845.

We conclude that the trial court's order denying Garry's application to be named executor of the decedent's estate is final and appealable. *See Estate of Boren*, 268 S.W.3d 841, 845-46; *Estate of Vigen*, 970 S.W.2d at 598-99; *Spies*, 928 S.W.2d at 319; *see also De Ayala*, 193 S.W.3d at 578; *Lehmann*, 39 S.W.3d at 192. Accordingly, we deny Jeanne's motion to dismiss the appeal for lack of jurisdiction.

**DENIAL OF GARRY'S APPLICATION TO SERVE AS INDEPENDENT EXECUTOR**

As discussed above, Appellants challenge the trial court's order denying Garry's application to serve as executor of the decedent's estate. Appellants argue that Garry owed a debt "to a corporation which was owned by a family limited partnership in which the decedent . . . was

a general and limited partner" rather than a debt to the estate. Appellants further contend that there is no evidence that Garry "repudiated any debt to Earl's Apparel, Inc. or otherwise asserted that the debt was invalid." In addition, Appellants argue that the trial court's finding of family discord is irrelevant and unsupported by the evidence.

## Applicable Law

We review the trial court's order finding Garry unsuitable and denying his application to serve as executor for abuse of discretion. *See* ***In re Estate of Gober***, 350 S.W.3d 597, 599 (Tex. App.—Texarkana 2011, no pet.); ***In re Estate of Robinson***, 140 S.W.3d 801, 807 (Tex. App.—Corpus Christi 2004, pet. dism'd); ***Olguin v. Jungman***, 931 S.W.2d 607, 610 (Tex. App.—San Antonio 1996, no writ). The trial court has broad discretion in determining whether a person is suitable to serve as an executor. ***Pine v. deBlieux***, 360 S.W.3d 45, 47 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). If the trial court acts arbitrarily, unreasonably, or without reference to any guiding rules or principles, it abuses its discretion. ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 241-42 (Tex. 1985); ***Estate of Gober***, 350 S.W.3d at 599. "When applying an abuse-of-discretion standard, the normal sufficiency-of-the evidence review is part of the abuse-of-discretion review and not an independent ground for reversal." ***In re Estate of Johnson***, No. 02-20-00133-CV, 2021 WL 3796019, at *5 (Tex. App.—Fort Worth Aug. 26, 2021, no pet.) (mem. op.). In applying the abuse of discretion standard of review, "'we must make an independent inquiry of the entire record to determine if the trial court abused its discretion[,] and [we] are not limited to reviewing the sufficiency of the evidence to support the findings of fact made.'" ***Id***. (quoting ***In re Estate of Clark***, 198 S.W.3d 273, 275 (Tex. App.—Dallas 2006, pet. denied)). "The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred." ***Estate of Gober***, 350 S.W.3d at 599.

## Analysis

Section 304.003(5) of the Texas Estates Code provides that a person is not qualified to serve as executor if the court finds the person unsuitable. TEX. ESTATES CODE ANN. § 304.003(5). The statute does not define the term "unsuitable," and case law has not provided a comprehensive, discrete explanation delineating attributes that render someone unsuitable to serve as executor. ***Estate of Robinson***, 140 S.W.3d at 806; ***Dean v. Getz***, 970 S.W.2d 629, 633 (Tex. App.—Tyler 1998, no pet.). Therefore, the probate court has broad discretion in finding someone unsuitable to

serve as executor. ***Spies***, 928 S.W.2d at 319. An estate should have a representative who will advocate to obtain the best possible advantage for the estate. ***Dean***, 970 S.W.2d at 634 (citing ***Hitt v. Dumitrov***, 598 S.W.2d 355, 356 (Tex. Civ. App.—Houston [14th Dist.] 1980, no writ)). Courts have recognized that a person who has a conflict of interest related to the decedent's estate is unsuitable to serve as executor. *See* ***Pine***, 360 S.W.3d at 48, 51. In addition, family discord is a factor that the probate court may consider in determining whether an individual is qualified to serve as executor. ***Spies***, 928 S.W.2d at 319 (finding a party unsuitable as executor when, among other factors, "there was substantial evidence of discord and animosity between [her] and the other relatives involved in [the] probate proceeding.").

The trial judge heard evidence that Garry owes a note receivable to one of the family business entities in which the decedent's estate has an interest. In addition, the trial judge heard evidence and had documents before her indicating that the family was in discord. The trial judge also apparently took judicial notice of the pendency of a dispute and discord among the family members regarding Earl's estate, which is also pending before her. "It is well recognized that a trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties." ***Gardner v. Martin***, 162 Tex. 156, 158, 345 S.W.2d 274, 276 (1961). Furthermore, "[a] trial court may take judicial notice of its own records in matters that are generally known, easily proven, and not reasonably disputed." ***In re J.E.H.***, 384 S.W.3d 864, 870 (Tex. App.—San Antonio 2012, no pet.).

On this record, we cannot conclude that the trial court acted arbitrarily, unreasonably, or without reference to guiding rules and principles. *See* ***Downer***, 701 S.W.2d at 241-42; ***Pine***, 360 S.W.3d at 47; ***Estate of Gober***, 350 S.W.3d at 599. Therefore, the trial court did not abuse its broad discretion by finding Garry unsuitable to serve as executor and denying Garry's application to be appointed executor of the decedent's estate. *See* TEX. ESTATES CODE ANN. § 304.003(5); ***Pine***, 360 S.W.3d at 48, 51; ***Spies***, 928 S.W.2d at 319. For these reasons, we overrule Appellants' sole issue.

## DISPOSITION

We ***overrule*** Jeanne's motion to dismiss. Having overruled Appellants' sole issue, we ***affirm*** the trial court's judgment.

6

**BRIAN HOYLE**
Justice

Opinion delivered July 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2022**

**NO. 12-21-00217-CV**

**GARRY L. BEARD, LARRY E. BEARD AND STANLEY BEARD,**
Appellants
V.
**JEANNE BEARD,**
Appellee

---

Appeal from the County Court at Law

of Houston County, Texas (Tr.Ct.No. 09988)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellants, Garry L. Beard, Larry E. Beard, and Stanley Beard, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*