**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00019-CV**
_____

**IN THE ESTATE OF TODD WYATT WILLIAMS**

**On Appeal from the County Court at Law**
**Polk County, Texas**
**Trial Cause No. 22-CC-PB-0030**

**MEMORANDUM OPINION**

The issue in this appeal from a Judgment Declaring Heirship is whether Todd Williams and Heather Williams were divorced prior to Todd's death.[1] The determination of that issue depends on whether the trial court rendered a final judgment in their divorce case when it sent the attorneys a letter delineating its rulings. In the heirship proceeding, that same trial court concluded a divorce had not been granted and signed a Judgment Declaring Heirship from which Billy Eugene

---

[1]Because several parties share the surname "Williams" we refer to them by their first names.

1

Williams and Wyatt Austin Williams appeal. *See* Tex. Est. Code Ann. § 202.202. Because we conclude Todd and Heather were not divorced, we affirm.

Background

Todd was married twice, first to Michelle Williams, Wyatt's mother, and then to Heather, the mother of Katelyn Williams Bush and A.W.[2] On February 27, 2020, Todd filed for divorce against Heather in the County Court at Law of Polk County. Heather filed a counter-petition for divorce and the case proceeded to final hearing on October 14, 2020. At the conclusion of the hearing, the trial court enjoined the parties from withdrawing certain funds and took the remainder of the issues in the case under advisement.[3] No mention was made whether the divorce was granted. Three days later, on October 17, 2020, the trial judge issued a letter to both attorneys regarding its rulings. Although the court clerk is not listed as a recipient of the letter, the evidence from the subsequent heirship proceeding includes a copy of the letter, and the last page bears a clerk's file-mark dated October 23, 2020.

The letter begins, "After reviewing the pleadings, the testimony and the admitted exhibits, the following rulings are rendered concerning the issues in this case[.]" The rulings in the letter address the minor child and the disposition of

---

[2]We refer to the minor child using initials. *See* Tex. R. App. P. 9.9(a)(3).
[3]The divorce proceedings are not a part of the record, but the same court that heard the divorce proceedings heard the probate proceedings and entered Findings of Fact and Conclusions of Law in the probate proceedings that included information about the divorce proceedings.

property, but the letter does not mention whether a divorce was being granted. The letter asks one of the attorneys to prepare a decree in conformity with the rulings and to forward the decree to the other attorney for approval as to form only. The letter concludes, "If a hearing for entry becomes necessary, please contact my office." No decree was ever presented to the court.

Todd died intestate on November 29, 2021. On February 9, 2022, Todd's brother, Billy, filed an Application for Independent Administration, Declaration of Heirship and Letters of Administration in the County Court at Law of Polk County asking to be appointed as administrator of Todd's estate. The application asserts that Todd was divorced from Heather and was not married at the time of his death and that Todd's three children are the heirs of the estate. On April 19, 2022, Heather filed an Objection to Application of Billy Eugene Williams and Application for Letters of Administration alleging that she was married to Todd at the time of his death, that she is an heir along with his three children, and that she should be appointed as administrator of his estate.

After a hearing, the trial court signed an Order Granting Letters of Administration appointing Heather as administratrix of Todd's estate and signed a Judgment Declaring Heirship indicating Heather, Wyatt, Katelyn and A.W. are Todd's heirs with the following interests in Todd's estate:

| Name | Relationship | Share of Real Property | Share of Personal Property |
|---|---|---|---|
| Wyatt Austin Williams | Child | 1/3 of Decedent's separate property (subject to spouse's 1/3 life estate), 1/3 of Decedent's community property | 2/9 of Decedent's separate property, 1/3 of Decedent's community property |
| Katelyn Williams Bush | Child | 1/3 of Decedent's separate property (subject to spouse's 1/3 life estate), 1/3 of Decedent's community property | 2/9 of Decedent's separate property, 1/3 of Decedent's community property |
| A.W. | Child | 1/3 of Decedent's separate property (subject to spouse's 1/3 life estate), 1/3 of Decedent's community property | 2/9 of Decedent's separate property, 1/3 of Decedent's community property |
| Heather Williams | Spouse | Life estate in 1/3 of Decedent's separate property | 1/3 of Decedent's separate property |

At Billy's request, the trial court issued Findings of Fact and Conclusions of Law in which it found that a divorce had not been granted prior to Todd's death, that Todd was married to Heather when he died, and that Heather is his surviving spouse. The trial court's findings and conclusions confirm the heirs and their respective shares of Todd's estate under the provisions of sections 201.002 and 201.003 of the Estates Code. *See id*. §§ 201.002-.003. The findings and conclusions also determine that as Todd's surviving spouse, Heather has priority over all others for the grant of letters of administration under Estates Code section 304.001. *See id*. § 304.001. Billy

4

and Wyatt filed a Motion for New Trial which was overruled by operation of law, and then filed this appeal.

## Issue One

In their first issue, Billy and Wyatt complain that the trial court erred in finding that a divorce between Todd and Heather was not rendered in the divorce case.[4] Texas law distinguishes between a judgment's rendition, its signing, and its entry. *See Baker v. Bizzle*, 687 S.W.3d 285, 291 (Tex. 2024) ("Reducing a decision to a final judgment has three phases: (1) rendition; (2) signing; and (3) entry."). Here, we are concerned only about rendition because a judgment is effective when it is rendered. *See In re Marriage of Martz*, No. 09-21-00048-CV, 2022 Tex. App. LEXIS 4278, at *15 (Tex. App.—Beaumont June 23, 2022, pet. denied) (mem. op.). Determining whether the trial court rendered judgment in the divorce case will determine whether Todd and Heather were married or divorced at the time of Todd's death.

"Rendition of judgment requires a present act, either by spoken word or signed memorandum, that decides the issues on which the ruling is made." *Baker*, 687 S.W.3d at 292. "[T]he critical inquiries concern the court's use of language indicating a present intent to render a full, final, and complete decision and whether

---

[4]The trial court's first conclusion of law states, "The divorce in Cause No. CIV33548 had not been granted at the time of the death of Todd Williams. Todd Williams and Heather Williams were married and she is his surviving spouse."

the court officially announced that decision publicly." *Id*. at 293.[5] "If the judge's words only indicate an intention to render judgment in the future or to provide guidelines for drafting a judgment, the pronouncement cannot be considered a present rendition of judgment." *Id*. at 292. "The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed." *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995).

Whether a particular action constitutes a rendition of judgment is a question of fact. *In re Marriage of Joyner*, 196 S.W.3d 883, 887 (Tex. App.—Texarkana 2006, pet. denied).[6] In a bench trial, the trial court, as factfinder, is the sole judge of the credibility of the witnesses. *Sw. Bell Media, Inc. v. Lyles*, 825 S.W.2d 448, 493 (Tex. App.—Houston [1st Dist.] 1992, writ denied). When a trial court makes

---

[5]The record does not indicate who filed the trial court's October 17, 2020, letter with the court clerk on October 23, 2020. In *Baker*, the Supreme Court of Texas held it was insufficient for one of the parties, rather than the court, to file the document in the clerk's office. *Baker*, 687 S.W.3d at 294 ("rendition is an *official judicial act*, not something that can be accomplished by the *parties' unilateral or concerted actions* in filing a writing or spreading the word") (emphasis in original). Because the record does not clearly indicate the trial court filed the letter with the clerk or took any other action "reasonably calculated to make the decision accessible to the general public," the trial court may have concluded the letter was not publicly announced and did not constitute the rendition of a decree of divorce. *Id*.

[6]We are not bound by the trial court's characterization of its finding as a conclusion of law. *See Tex. Outfitters, Ltd., LLC v. Nicholson*, 572 S.W.3d 647, 653 n.7 (Tex. 2019) ("The trial court labeled this finding as a conclusion of law, but we are not bound by that designation and may treat it as a finding of fact subject to the appropriate standard of review.").

findings of fact, its findings are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). Because Billy and Wyatt do not specify whether they challenge the trial court's finding based on legal or factual sufficiency, we construe theirs as a legal-sufficiency challenge. *See Barnett v. Havard*, No. 09-12-00310-CV, 2014 Tex. App. LEXIS 6435, at *8 (Tex. App.—Beaumont June 12, 2014, no pet.) (mem. op.) (citing *Regal Fin. Co., Ltd. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 603 (Tex. 2010)). In a legal-sufficiency challenge, we review the entire record, crediting favorable evidence if a reasonable factfinder could and disregarding unfavorable evidence unless a reasonable factfinder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We "must consider evidence in the light most favorable to the [finding of fact], and indulge every reasonable inference that would support it." *Id*. at 822. If the evidence would enable reasonable and fair-minded people to differ in their conclusions, then the factfinder must be allowed to do so, and we cannot substitute our judgment for that of the factfinder "so long as the evidence falls within this zone of reasonable disagreement." *Id*.

While the record before us does not include records from the divorce case, the same court that heard the divorce case heard the heirship proceeding. During the

7

heirship hearing, the trial court noted that it "took the [divorce] case totally under advisement, didn't make any rulings" at the divorce hearing and that it was the customary practice of the trial court to issue a letter ruling. The trial court subsequently made findings of fact that "the Court took the [divorce] case under advisement making no rulings except to enjoin both parties from removing funds from a specific account with Peoples State Bank. There was no mention at that time as to whether or not the divorce was granted." It also found, "On October 17, 2020, the Court issued a letter ruling concerning the child of the marriage and disposition of the property. There was no mention in the letter ruling as to whether or not the divorce was granted."

Billy and Wyatt argue the trial court's letter clearly indicates its intent to render judgment because it begins by saying, "the following rulings are rendered concerning the issues in this case[.]" While this language expresses the trial court's intent to render rulings, it does not necessarily express an intent to render a final judgment, and there are other indications that the trial court's present intent to rule was less than "full, final, and complete." *Baker*, 687 S.W.3d at 293. For example, the letter contains no language indicating the trial court made jurisdictional findings such as that the parties resided in Texas for at least six months and Polk County for at least ninety days. There are no findings that the parties were married on a particular date, that Todd is father of the children born during the marriage, that the

8

marriage is dissolved for insupportability, nor that the property division is just, right, fair and equitable. There is no pronouncement that the parties are divorced as of the date of the hearing, the date of the letter or any other date. After listing the trial court's rulings, the letter concludes by directing one of the attorneys to "prepare a decree in conformity with the above, and forward same to [opposing counsel] for her approval as to form only. If a hearing for entry becomes necessary, please contact my office." The trial court in the heirship proceeding may have reasonably concluded that the letter merely communicates guidance to the attorneys regarding the contents of a final divorce decree to be rendered later. *See id.* at 292.

Although the letter does not expressly indicate a divorce was being granted, Billy and Wyatt argue it implies a divorce was granted because it communicates the trial court's rulings on the division of property. They also argue the court was not required to use "magic words" in order to grant a divorce. While that may be true, the court must still use words to convey its intent to render judgment, and those words must be clear. *See S & A Rest. Corp*, 892 S.W.2d at 858. Here, despite its containing rulings regarding division of property, the letter is less than clear that the trial court presently intended to render a full and final judgment of divorce.

We conclude the evidence is legally sufficient to support the trial court's finding that a divorce was not granted prior to Todd's death because the letter's language, in its entirety, does not clearly indicate the trial court's present intent to

9

render a full, final, and complete decision on all the issues in the divorce case. Because the October 17, 2020, letter was not a rendition of judgment of divorce, the trial court did not err in finding that the divorce between Todd and Heather was not granted. We overrule Billy and Wyatt's first issue.

## Issue Two

In their second issue, Billy and Wyatt complain that the trial court erred in naming Heather as Administratrix of Todd's estate. Specifically, they allege, "Heather Williams's relationship to [Todd] and the heirs created an adverse interest between her and those of the estate or its beneficiaries" as her community property claims and life estate claims in Todd's separate property are averse to Wyatt's interests, making her unsuitable.

"The trial court is granted broad discretion in determining whether an individual is suitable to serve as an executor or administrator." *Dean v. Getz*, 970 S.W.2d 629, 633 (Tex. App.—Tyler 1998, no pet.). We review such a decision under an abuse of discretion standard. *Id.* If the trial court acts arbitrarily, unreasonably, or without reference to any guiding principles, it abuses its discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that

10

an abuse of discretion has occurred." *In re Estate of Gober*, 350 S.W.3d 597, 599 (Tex. App.—Texarkana 2011, no pet.).

Estates Code section 304.001 lists the surviving spouse as second-in-line with priority to serve as administrator of a decedent's estate. Tex. Est. Code Ann. § 304.001(a)(2). Section 304.003(5) of the Texas Estates Code provides that a person is not qualified to serve as an administrator if the court finds the person unsuitable. *Id.* § 304.003(5). The statute does not define the term "unsuitable," and case law has not provided a comprehensive, discrete explanation delineating attributes that render someone unsuitable to serve as executor. *In re Estate of Robinson*, 140 S.W.3d 801, 806 (Tex. App.—Corpus Christi 2004, pet. dism'd); *Dean*, 970 S.W.2d at 633. A probate court therefore has broad discretion in finding someone unsuitable as executor. *Spies v. Milner*, 928 S.W.2d 317, 319 (Tex. App.—Fort Worth 1996, no writ). An estate should have a representative who will advocate to obtain the best possible advantage for the estate. *Dean*, 970 S.W.2d at 634 (citing *Hitt v. Dumitrov*, 598 S.W.2d 355, 356 (Tex. Civ. App.—Houston [14th Dist.] 1980, no writ)). Courts have recognized that a person who has a conflict of interest related to a decedent's estate is unsuitable to serve as executor. *See Pine v. deBlieux*, 360 S.W.3d 45, 48-49 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). In addition, family discord is a factor that a probate court may consider in determining whether an individual is qualified to serve as an administrator. *Spies*, 928 S.W.2d at 319 (finding a party

11

unsuitable as executor when, among other factors, "there was substantial evidence of discord and animosity between [her] and the other relatives involved in [the] probate proceeding[]"). As the persons opposing Heather's appointment as administratrix of the estate, Billy and Wyatt had the burden of proof of establishing her disqualification. *In re Estate of Robinson*, 140 S.W.3d at 805.

Here, Billy and Wyatt have presented no evidence that Heather is unsuitable to serve as administratrix of Todd's estate. At the hearing to determine heirship, Billy and Wyatt did not present evidence indicating that the family was in discord. Heather testified at the hearing that she understood that if she were named as administratrix of the estate, she would have a fiduciary duty to look out not only for the interests of herself and her two daughters, but also for the interest of Wyatt, and she would have a duty to treat Wyatt equally. On this record, we cannot conclude that the trial court acted arbitrarily, unreasonably, or without reference to guiding rules and principles. *See Downer*, 701 S.W.2d at 241-42. Therefore, the trial court did not abuse its discretion in appointing Heather as administratrix of Todd's estate. We overrule Billy and Wyatt's second issue.

## Issue Three

In their third issue, Billy and Wyatt complain that the trial court erred in granting the Judgment of Heirship providing that Todd's estate contained community property and that Heather as surviving spouse was therefore owner of an

12

undivided interest in such property and owned a life estate in separate property. Given our resolution in issue one, Heather is an heir of Todd's estate, and both community property and separate property exist in his estate. *See* Tex. Est. Code Ann. §§ 201.002, 201.003. Therefore, the trial court did not err in its determination of heirs and its findings of and distributions of community and separate property interests. We overrule Billy and Wyatt's third issue.

## Conclusion

The Judgment of Heirship is affirmed.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on May 28, 2024
Opinion Delivered February 6, 2025

Before Johnson, Wright and Chambers, JJ.